[L. A. No. 852.    Department Two. — June 12, 1901.]

## BALFOUR-GUTHRIE INVESTMENT COMPANY, Respondent, v. F. R. SAWDAY et al., Defendants.    F. R. SAWDAY, Appellant.

ACTION TO QUIET TITLE — DESCRIPTION — DISCLAIMER — DEMARCATION OF BOUNDARIES AT TRIAL — ABUSE OF DISCRETION. — In an action to quiet title, and for the possession of land described in the complaint by legal subdivisions, where an adjoining owner of legal subdivisions properly disclaimed interest in the land so described, and his default was subsequently entered by the clerk, but at the trial it was sought to demarcate the land by metes and bounds, and by reference to natural objects and monuments, and to a map made part of the judgment roll in an independent action, to the prejudice of the disclaiming defendant, and judgment was entered accordingly, it was an abuse of discretion to refuse to set aside the default, and to refuse to allow the defendant to amend his answer to resist such demarcation, or to allow him to participate at the trial, and to refuse his subsequent motion to vacate or modify the judgment so as to limit it to the description set forth in the complaint.

ID. — POLICY OF LAW — LITIGATION UPON MERITS — DILIGENCE. — It is the policy of the law that every case should be litigated upon its merits; and however negligent the defendant may have been in the first instance, where he showed due diligence when his attention was called to the fact that his property rights might be placed in jeopardy at the trial, it was the duty of the court to allow him to defend them, upon proper terms.

ID. — ERRONEOUS JUDGMENT — DEPARTURE FROM DESCRIPTION OF COMPLAINT. — As against a disclaiming or defaulting defendant, the relief granted cannot be inconsistent with the case made by the complaint, and embraced within the issues; and a judgment rendered against him upon *ex parte* evidence, which departs in its description of the land from the description thereof as set forth in the complaint, or otherwise more specifically describes it, without an amendment of the complaint to support the judgment, is erroneous, and must be reversed.

APPEAL from a judgment of the Superior Court of San Diego County and from orders denying motions to vacate the judgment and to modify the same.    E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

George H. P. Shaw, and Mills & Hizar, for Appellant.

W. T. McNealy, and Andrews & O'Farrell, for Respondent.

HENSHAW, J. — Plaintiff sued appellant, Sawday, and others by a complaint containing allegations appropriate both in an action in ejectment and in an action to quiet title. The land was described by government subdivisions as "the southwest quarter of the southeast quarter and the southeast quarter of the southwest quarter," etc. For answer, appellant, Sawday, disclaimed "all right, title, and interest in the lands herein sued for *and as set forth in the plaintiff's complaint.*" His default was subsequently entered by the clerk. The cause was set for trial upon the twenty-sixth day of June, but no notice of the trial was served upon him. Hearing, at a late day, that the cause was set for trial, and might affect his lands, he hastened to the county seat, employed counsel, and upon the case coming up for hearing, asked leave to participate, which was denied. He also asked leave to amend his answer, which application was also denied, and he was denied the right to participate in any manner at the trial. Thereafter, upon July 28th, he moved the court to set aside his default, and this was denied. On August 1st, findings of fact and conclusions of law and the judgment were filed. In the complaint the land and premises were described by government subdivisions alone. In the judgment, in addition to such description, the land was described by metes and bounds; natural boundaries and monuments were designated and located, and reference, for the purpose of delimiting the land, was made to a map or diagram, which forms part of the judgment roll in another and independent action. Promptly after the entry of this judgment, upon August 11, 1899, the appellant moved the court to vacate and set it aside, which motion was denied. He then moved to strike out that part of the description in the findings and judgment not contained in the complaint, and to limit the description of the land to the language of the complaint. This, also, was denied. He further moved to set aside the judgment, so far as it affected him, and this motion was denied. From the judgment and from the orders denying his several motions he prosecutes these appeals.

To an understanding of the matter it is necessary to clothe the foregoing naked statement with other established facts. The defendant Sawday never did, and does not now, make claim to any of the lands in the complaint described, *as described in the complaint.* His lands are adjoining contiguous government subdivisions. Therefore, when served with the

complaint, and knowing that he had not, and did not claim to have, any right or title or interest to the government subdivisions described in the complaint, he promptly and properly disclaimed. By the findings and by the judgment entered upon this complaint, the lands are described and located so as to embrace lands held and claimed by Sawday. In short, under the guise of an action in ejectment, or an action to quiet title, describing by government subdivisions lands to which the defendant never made claim, the action is, in effect, converted into an action to demarcate boundaries, and those boundaries, it is contended, shift the location of the land in controversy some half-mile north and the same distance east of the land described in the complaint.

Appellant, learning at the eleventh hour that his interests might be involved in this suit, drove throughout the night to the town of San Diego, arrived there in the morning, promptly employed counsel, appeared at the time set for trial, and by his numerous motions showing his earnestness and good faith, sought leave to participate in the trial. Had the judgment which was finally rendered in the case conformed to the complaint, it might be said that as no harm resulted to him from the judgment, the refusal of the court to allow him to participate in the trial was not an abuse of discretion; but in contemplation of the judgment which was actually rendered, it is clear that it was. It is the policy of the law that every case should be litigated upon its merits, and, however negligent it may be said that Sawday was in the first instance, he certainly showed due diligence when his attention was called to the fact that his property rights might be in jeopardy. Even if his participation in the trial might have occasioned some embarrassment or delay to plaintiff, this could easily have been met by an order of the court allowing him so to participate, upon terms.

But, aside from the court's ruling upon the motions, the judgment itself cannot stand. As against a defaulting or disclaiming defendant, the relief must be consistent with the case made upon the complaint and embraced within the issues. (Code Civ. Proc., sec. 580.) The case of *Holman* v. *Vallejo*, 19 Cal. 499, is here directly in point, and almost parallel in its facts. The action was to enforce a verbal contract for the sale of lands. Defendant's demurrer to the complaint was overruled, and defendant failing to answer, plaintiff took judg-

ment by default. Defendant appealed, and urged upon his appeal that the land described in the judgment was other and different from that set forth in the complaint. This court said: " On the latter point the plaintiff insists that the lands are the same, and appeals to the evidence in the case to prove the correctness of his assertion. This evidence was taken *ex parte*, and we think that upon so important a matter as the establishment of the actual boundaries of the property, the defendant has a right to be heard. . . . Upon the return of the cause, the plaintiff can either take judgment in accordance with the allegations of the complaint, or amend by inserting a more specific description of the property." (See also *Gregory* v. *Nelson*, 41 Cal. 278, and *Ellis* v. *Rademacher*, 125 Cal. 556.)

The judgment and orders appealed from are therefore reversed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.