[Civ. No. 775. Second Appellate District.—March 10, 1910.]

JOHN BROWN, Respondent, v. H. J. CALDWELL and D. W. TUNGATE, Appellants.

APPEAL FROM JUDGMENT—ABSENCE OF SUMMONS, DEMURRER OR AN-
SWER—RECITAL IN JUDGMENT OF APPEARANCE BY ATTORNEYS.—
Upon an appeal from a judgment upon the judgment-roll, the judg-
ment cannot be reversed merely because the judgment-roll con-
tains no summons or evidence of service thereof, nor any demurrer
or answer, where the judgment recites that the defendants so ap-
pealing appeared by attorneys, and there is nothing in the record
to contradict such recital.

ID.—NOTICE OF APPEARANCE NOT PART OF JUDGMENT-ROLL.—While, un-
der section 1014 of the Code of Civil Procedure, the answer or
demurrer therein provided for is made by section 670 thereof part
of the judgment-roll, the notice of appearance provided for in the
former section is made no part of the judgment-roll.

ID.—EFFECT OF RECITAL IN JUDGMENT—PRIMA FACIE EVIDENCE—PRE-
SUMPTION—SUPPORT OF FINDING.—The recital in the judgment that
defendant appeared by his attorneys is *prima facie* evidence of
such fact; and where nothing appears in the record upon appeal in
contradiction of the fact so found, it must be presumed that the
evidence presented to the court fully supports such finding. All
presumptions are in favor of the correctness of the judgment ap-
pealed from.

ID.—JURISDICTION OF PERSON—ENTRY OF DEFAULT NOT ESSENTIAL TO
JUDGMENT.—It appearing that the court obtained jurisdiction of
the person of the defendant so complaining, by reason of his ap-
pearance, no formal entry of his default was necessary to enable
the court to render judgment against him by default.

ID.—EXCESSIVE ALLOWANCE OF INTEREST—MODIFICATION OF JUDGMENT.
Where no issue was joined on the question of interest, no relief
can be granted to the plaintiff in excess of the interest credited
and claimed to be due only from a certain date; and the judg-
ment must be modified as to interest allowed from a prior date.
As against the defaulting defendant, the relief granted could not
exceed that prayed for in the complaint.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Watkins & Blodget, for Appellants.

T. M. Stewart, for Respondent.

SHAW, J.—Action to recover from defendants on their
joint and several promissory note.

The appeal is from a judgment rendered against both de-
fendants, and is prosecuted upon the judgment-roll alone.

On behalf of appellant Tungate, it is contended that the
judgment as to him should be reversed, for the reason that
it does not appear that any summons was ever issued or
served upon him; nor does the judgment-roll disclose any
answer, demurrer or other appearance filed on his part. The
judgment, however, recites that defendant Tungate appeared
by Watkins & Blodget, as attorneys for himself and his co-
defendant Caldwell. Section 1014, Code of Civil Procedure,
provides that "a defendant appears in an action when he
answers, demurs, or gives the plaintiff written notice of his

appearance, or when an attorney gives notice of appearance for him." While under the provisions of section 670, Code of Civil Procedure, his answer or demurrer is made a part of the judgment-roll, the notice of appearance which he may give to plaintiff, or which his attorney is authorized to give under the provisions of section 1014, *supra*, constitutes no part of such roll; hence, failure to serve Tungate with a summons, and the absence of an answer, demurrer or other appearance on his part, all of which appears from the judgment-roll, is not inconsistent with the fact recited in the judgment that he did appear in one of the other modes authorized by law, evidence of which, under the statute, constitutes no part of the judgment-roll. "The code does not require such appearance to be made part of the judgment-roll; and as appellant appeals upon the judgment-roll alone, which shows nothing contradictory of or inconsistent with said recital (which was that defendant regularly appeared in said action by ————, an attorney of the court), it must be taken as at least *prima facie* true." (*Lyons* v. *Roach,* 84 Cal. 29, [23 Pac. 1026].) In the case of *Sichler* v. *Look,* 93 Cal. 606, [29 Pac. 221], the court, in discussing a like question, says: "The recitals in a judgment are the court's record of its own acts, and although upon a direct appeal the jurisdiction of the court is not to be established by its mere assertion in the judgment that it had acquired jurisdiction, yet if such recital finds support in other portions of the record, which under any condition of facts could exist, it will be presumed, in the absence of any contradictory showing, that such condition of facts existed." All presumptions are in favor of the correctness of the judgment. (*Parker* v. *Altschul,* 60 Cal. 380.) While defendant claims the recital of appearance is not sustained by the facts, he offers nothing in contradiction of the fact so recited, other than the judgment-roll, which, as we have seen, is insufficient for the reason that the code does not require the fact of defendant's appearance to be shown in such roll. Since the court has found that he did appear by attorney, we must presume, in the absence of a contrary showing, that the evidence presented to the court fully supports such finding. (See, also, *In re Eichhoff,* 101 Cal. 600, [36 Pac. 11].) In the case of *Weeks* v. *Gold Min. Co.,* 73 Cal. 599, [15 Pac. 302], and other

cases cited by appellant, the judgment attacked did not contain a recital of appearance by defendant, but recitals of facts required to be shown by the judgment-roll, which recitals were contradicted by the facts thus shown.

If the judgment against Tungate was in fact rendered without jurisdiction of the person, he is, of course, entitled to relief therefrom, but not in this proceeding nor upon the record before us.

The court having obtained jurisdiction of the person of defendant by reason of his appearance, no formal entry of his default was necessary to enable it to render judgment against him. (*Drake* v. *Duvenick,* 45 Cal. 455; *Hibernia S. & L. Soc.* v. *Matthai,* 116 Cal. 424, [48 Pac. 370].)

On behalf of appellant Caldwell, it is claimed that as the judgment is against both himself and Tungate, it must, if reversed as to the latter, fail also as to him. The foregoing views render it unnecessary to discuss his rights from such standpoint.

The note sued upon was for the sum of $1,000, bearing interest at the rate of ten per cent per annum from date, payable semi-annually, and dated February 1, 1907. The complaint alleges: "That said promissory note has not been paid, nor any part thereof, or the interest thereon, save and excepting the sum of fifty (50) dollars; that there is now due, owing and unpaid to the said plaintiff on said promissory note the whole of the principal sum of one thousand (1,000) dollars, U. S. gold coin, together with interest thereon at the rate of ten per cent per annum from April 1, 1908." The prayer of the complaint follows this allegation, praying for judgment for $1,000 and interest at ten per cent per annum from April 1, 1908. No issue was raised by either defendant as to the amount alleged to be due. In no event could recovery against Tungate exceed the sum prayed for in the complaint. (Code Civ. Proc., sec. 580.) The allegation of the complaint as to the amount unpaid on the note is somewhat ambiguous. Construing it most strongly against the pleader, the sum alleged to be unpaid upon the note is $1,000, with interest from April 1, 1908, for which plaintiff prays judgment. Since defendant by his answer raised no issue as to the sum claimed to be due and unpaid, we think the rule applicable to one not answering is likewise appli-

cable to one admitting such allegation. The court, however, in rendering judgment, computed interest from August 1, 1907, instead of from April 1, 1908. To the extent of the interest accruing prior to April 1, 1908, amounting to $73.55, the judgment is erroneous.

It is, therefore, ordered that upon the going down of the remittitur the trial court modify the judgment by deducting therefrom, as of the date of its rendition, the sum of $73.55, and as thus modified the judgment is affirmed. It is further ordered that appellants recover costs of this appeal.

Allen, P. J., and Taggart, J., concurred.