[Sac. No. 4356. In Bank.—January 23, 1931.]

H. C. BALAAM, Respondent, v. J. J. PERAZZO, Appellant.

W. R. Bailey and Adolph Feierbach for Appellant.

Karl A. Machetanz for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff in an action to quiet title to lot 26 and the south half of lot 25 in Middle Block of Baker's Addition to the city of Exeter, county of Tulare, state of California. The complaint is in the usual form of an action to quiet title which, after setting up ownership of said lands in the plaintiff, alleges that the defendant claims some right, title or interest in said lands, but that his claim is without right, and closes with the prayer that the plaintiff's title be quieted as against the defendant and as to said lands. The answer of the defendant, after denying plaintiff's claim of ownership, alleges that the plaintiff has in fact no interest in said premises, and then proceeds to allege affirmatively ownership thereof in the defendant, and, upon the predicate thereof, prays for affirmative relief that the defendant be adjudged to be the owner of and entitled to the possession of said premises, and that the plaintiff has no right, title or interest therein. Upon the issues as thus joined the superior court made and entered its findings and judgment in the plaintiff's favor, and it is from such judgment that this appeal has been taken.

The facts upon which the respective claims of the plaintiff and defendant are founded are practically undisputed and may be briefly stated as follows: On and prior to October 23, 1923, one G. A. Perazzo was the owner of the premises involved in this action and of certain other lands and premises in said county of Tulare. Upon the above date Brambilio Juarez obtained a money judgment against G. A. Perazzo in the superior court of said county, which was duly docketed upon October 26, 1923, and thus became a valid and subsisting lien on any land standing in the name of G. A. Perazzo on the records of the county recorder of said county of Tulare as of said date. On October 28, 1924, G. A. Perazzo conveyed to his wife Victoria Perazzo the said and other pieces of property which, however, were subject to the lien of the aforesaid subsisting judgment in favor of Brambilio Juarez. On February 1, 1926, a writ of execu-

tion was issued upon the aforesaid judgment in favor of Brambilio Juarez, and thereafter and in pursuance thereof the premises involved in this action were sold under said writ to Brambilio Juarez, who thereafter and on the twenty-third day of August, 1927, prior to the issuance of the sheriff's deed thereon, duly assigned the certificate of sale to H. C. Balaam, plaintiff herein. On August 24, 1927, the sheriff executed and delivered to H. C. Balaam a deed to the aforesaid premises, which was duly recorded on September 1, 1927. Thereafter and on November 20, 1928, the present action was commenced against the defendant J. J. Perazzo, who has succeeded to the interest of G. A. and Victoria Perazzo, which in due course ripened into the judgment from which this appeal has been taken. On December 3, 1924, one N. C. Medley commenced an action to quiet title in said court, affecting the aforesaid and other lands, against G. A. Perazzo, Victoria Perazzo, Brambilio Juarez and certain other defendants not material to this controversy, the plaintiff Medley alleging that he was the owner of said premises and the whole thereof by virtue of a judgment which had been theretofore obtained against G. A. Perazzo, upon which judgment an execution sale had been had, at which sale the plaintiff Medley had become the purchaser of said premises, and as such was entitled to have his title thereto quieted as against the defendants in said action. The complaint and summons in said action were duly served upon G. A. Perazzo, Victoria Perazzo and Brambilio Juarez. Juarez did not appear or answer in said action. Victoria Perazzo, however, did answer, denying the alleged title of the plaintiff Medley to the lands involved therein or any portion thereof, and alleging herself to be the owner thereof by virtue of her aforesaid deed from G. A. Perazzo bearing the date of October 28, 1924. In her answer she asserted no claim of ownership of the pieces of land involved in this action as against Brambilio Juarez, and in her prayer she asked only for affirmative relief against the plaintiff Medley and all persons claiming under him. It affirmatively appears from the record in said action that the aforesaid answer of Victoria Perazzo therein, affirmatively claiming the ownership in herself of said lands, was not served upon her co-defendant Brambilio Juarez, and that he made no appearance in said action in so far as the affirmative pleading of

Victoria Perazzo was concerned. Upon the trial and submission of the cause the court made its findings of fact and conclusions of law in favor of the defendant Victoria Perazzo, wherein the trial court found Victoria Perazzo to be the owner of lot 26 and the· south half of lot 25 in Middle Block of Baker's Addition to the city of Exeter, etc., and that she was "entitled to have her title quieted as to said real property against claims of plaintiff herein, and to judgment for her costs". In its conclusions of law the court directed judgment in Victoria Perazzo's favor to be entered accordingly. It appears, however, that said judgment was on December 2, 1925, entered in the following form:

"It is therefore declared, ordered, adjudged and decreed that Victoria Perazzo, one of the defendants herein, is a true and lawful owner of the south half of lot 25 and all of lot 26 of the Middle Block of Baker's Addition to the city of Exeter, and every part and parcel thereof, and her title thereto is adjudged to be quieted as against all claims, demands, or pretensions of the plaintiff, or of other defendants herein, and said plaintiff and other defendants are hereby perpetually enjoined from setting up any claim thereto or any part thereof."

From the foregoing judgment no appeal was taken by any of the parties to the action. However, on July 21,·1927, the trial court having its attention called to the fact that in its said judgment it had undertaken to adjudicate the rights of Brambilio Juarez in and to the aforesaid lots 25 and 26 in the Middle Block of Baker's Addition to the city of Exeter as between Brambilio Juarez and his co-defendant Victoria Perazzo, undertook on its own motion to make and enter an order modifying its former judgment in the foregoing regard, which said order as to the effective portion thereof reads as follows: "Now, therefore, on the court's own motion, it is ordered, adjudged and decreed that the said judgment, in so far as it relates to and affects the rights of B. Juarez, also known as Brambilio Juarez, in and to the property aforesaid is void and of no force and effect and should be and is hereby vacated and set aside." From the aforesaid order no appeal was taken by or on behalf of Victoria Perazzo or her successor in interest, J. J. Perazzo, the defendant in this action. The present action was commenced, as we have seen, on November 20, 1928. The de-

fendant Perazzo by his answer denied the ownership and right of possession of the plaintiff in and to the premises in question, and having so done undertook on his own behalf to state in the usual form a cause of action to quiet title thereto against said plaintiff and prayed for such affirmative relief. ▇ Upon the trial of the cause the said defendant insisted and upon this appeal still insists that the judgment rendered and entered in the action entitled *N. C. Medley* v. *G. A. Perazzo et al.,* above referred to, was valid on its face in so far as the trial court undertook thereby to decree that Victoria Perazzo was the owner of the above-described premises and that "her title thereto is adjudged to be quieted as against all claims, demands or pretensions of the plaintiff, or *of other defendants herein,* and said plaintiff *and other defendants* are hereby perpetually enjoined from setting up any claim thereto or any part thereof", and that this being so, the order of the trial court made and entered on July 21, 1927, wherein it attempted to modify said judgment by striking therefrom the aforesaid portion thereof was a void order, since it appeared upon the face thereof, to have been an order made and entered on the court's own motion more than one year after the making and entry of the judgment which it purported to modify, and further made and entered *ex parte* and in violation of the express provisions of section 473 of the Code of Civil Procedure; and that said order being thus void upon its face, for the foregoing reasons, was the proper subject of collateral attack in this action and that the same could not be relied upon by the plaintiff herein to support the judgment of the trial court made and entered herein in his favor, and hence that said judgment should be reversed. We are unable to sustain the foregoing contentions of the appellant herein in the foregoing regards. It is true that in the action entitled *N. C. Medley* v. *G. A. Perazzo et al.,* the defendant therein, Brambilio Juarez, suffered a default to be taken against him in so far as the asserted claim of title by the plaintiff therein to the premises here in question was involved. This fact, however, would not have entitled the plaintiff in that action to be granted any relief in excess of that demanded in his complaint (Code Civ. Proc., sec. 580; *Staacke* v. *Bell,* 125 Cal. 309 [57 Pac. 1012], and cases cited; *Lang* v. *Lang,* 182 Cal. 769 [190 Pac. 181]; *Metropolitan Life Ins. Co.* v.

*Welch,* 202 Cal. 314 [260 Pac. 545]), and certainly could not have entitled the defendant Victoria Perazzo in said action to any right to affirmative relief therein as against Brambilio Juarez without service upon the latter of her answer or cross-complaint seeking such affirmative relief. (*Staacke* v. *Bell, supra.*) The record in the foregoing case discloses that the defendant therein, Victoria Perazzo, while affirmatively setting forth in her pleading therein that she was the owner of the premises in question as against the asserted title of the plaintiff Medley thereto, made no averment whatever as to her right or title to said premises against her co-defendant Brambilio Juarez, and did not in her prayer to her said pleading seek for any relief whatever against him. It further affirmatively appears that no service of the aforesaid answer of Victoria Perazzo was made or attempted to be made upon Brambilio Juarez; that during the trial of said cause no evidence whatever was presented with relation to the right or claim of said Juarez in or to said property or any portion thereof; nor was any finding thereon made by the trial court. In its conclusions of law the court found that Victoria Perazzo was "entitled to have her title quieted to said real property against claims of plaintiff herein and to judgment for her costs". Such being the state of the record in the case of *Medley* v. *Perazzo et al.,* as disclosed by the judgment-roll therein, it conclusively follows that the trial court therein had no power or jurisdiction to include in its judgment therein any adjudication whatever as to the rights of Brambilio Juarez in and to the premises involved in the present action, and that in so far as the judgment therein undertook to adjudicate that the defendant Victoria Perazzo should have her title thereto quieted as against her co-defendant Brambilio Juarez said judgment was void upon its face. (*Lang* v. *Lang, supra; Metropolitan Life Ins. Co.* v. *Welch, supra.*) ▉ This being so, it further conclusively follows that it was within the power of the trial court, upon having its attention in any manner called to the fact that a portion of one of its judgments was void upon its face, of its own motion to make and enter the order which the court did make and enter upon July 21, 1927, modifying its said judgment so as to strike therefrom the portion thereof which upon the face of the judgment-roll in said action appeared to be void. (*People* v. *Davis,* 143

Cal. 675 [77 Pac. 651]; *People* v. *Greene*, 74 Cal. 400 [5 Am. St. Rep. 448, 16 Pac. 197].) ▮ Furthermore, its said order being one made after final judgment, was an appealable order and from said order neither the defendant herein nor his predecessor, Victoria Perazzo, appears to have taken an appeal.

For the foregoing reasons it would seem clear that the defendant in this action was not entitled to urge upon the trial thereof or upon this appeal either the validity of the judgment in the former action of *Medley* v. *Perazzo* as against Brambilio Juarez, the predecessor of the plaintiff herein, nor to urge upon this appeal that the trial court was in error in upholding the order made and entered on July 21, 1927, in said former action, and, having done so, in adjudging upon the record herein that the plaintiff herein as the successor of Brambilio Juarez was entitled to have his title quieted as against said defendant, and to enter its judgment accordingly quieting the same.

The judgment is affirmed.

Shenk, J., Preston, J., Langdon, J., Seawell, J., Curtis, J., and Waste C. J., concurred.