[Civ. No. 8664. First Appellate District, Division Two.—December 28, 1932.]

R. M. GREGG, Respondent, v. MILFORD G. STARK et al., Defendants; WILSHIRE MORTGAGE CORPORATION (a Corporation), Appellant.

Robert E. Austin, John N. Helmick and J. E. Stillwell for Appellant,

Mark F. Jones and G. J. Appegard for Respondent.

DOOLING, J., *pro tem.*—This appeal is prosecuted upon the judgment-roll by Wilshire Mortgage Corporation from certain portions of a judgment entered against appellant in nine separate mechanics' lien cases which were consolidated for trial. The actions were instituted by various persons claiming liens on the real property described in the complaints, and in some of the complaints it was alleged that Wilshire Mortgage Corporation, the appellant here, had made the defendant Milford G. Stark a loan of $20,000, for the purpose of enabling said Stark to erect and construct the improvements on the property described in the complaint, which loan was secured by a deed of trust of said property; that Wilshire Mortgage Corporation had paid out $10,000 of said loan and the balance of $10,000 was held by Wilshire Mortgage Corporation for the use and benefit of Stark and as a trust fund for the payment of lien claimants. Those complaints containing such allegations prayed that Wilshire Mortgage Corporation be required to pay said sum into court for the benefit of the lien claimants.

Wilshire Mortgage Corporation by its answer denied that it made any loan to Stark but alleged that it did make a loan as described in the complaint to Arthur H. Disterheft and alleged that the whole thereof was immediately advanced and paid out to Disterheft.

The court found that the contract to loan $20,000 was made with Disterheft as alleged in appellant's answer; that Disterheft gave appellant his promissory note for that amount secured by a deed of trust of the property in question executed and delivered by Disterheft; that Disterheft thereafter assigned to Stark his interest in the moneys accruing from said loan in the hands of appellant and that $2,663.13 of said loan remained undisbursed and in appellant's possession. By the portion of the judgment appealed from the court ordered appellant to pay into court the said sum of $2,663.13 for the benefit of certain lien claimants and also gave judgment against appellant for certain costs.

The case was ordered submitted on appellant's opening brief, no brief ever having been filed herein on behalf of any of the respondents.

The court in rendering judgment against appellant apparently had in mind the case of *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898]. However, the facts of the instant case are far from parallel to those in the Smith case. In the Smith case the personal representative of Smith, who was dead, was the plaintiff. The personal representative was suing the defendant Anglo-California Securities Company to recover the balance due on a loan made by it to Smith to be used for building purposes. Certain lien claimants who were made defendants were held by the Supreme Court to be entitled to an equitable lien upon the sum awarded to Smith against Anglo-California Securities Company. It will thus be seen that the court had before it the borrower, the lender and the lien claimants and by one judgment could dispose of the entire controversy so that it would become *res judicata* as to all.

In the case now on appeal the original borrower, Disterheft, was not made a party in any of the actions. His assignee, Stark, was served in only two of the nine actions and in those it was alleged in the complaints not that the loan was made to Disterheft and by him assigned to Stark, but that it was made to Stark and that Stark executed and delivered the promissory note and deed of trust to secure its repayment. In the two actions in which he was served Stark defaulted.

It will thus be seen that without Disterheft before it the court ordered appellant to pay into court $2,663.13 found to be a balance due on a loan originally made to Disterheft and by the court found to have been assigned by Disterheft to Stark. We may concede for the purposes of this appeal that in so far as the judgment may be *res judicata* as to Stark it is also *res judicata* as to Disterheft, Stark's assignor. But Stark in his turn was only before the court to the extent that he was bound by his default in the two actions in which he was served.

We are satisfied, in a proceeding such as this, in which by the portion of the judgment appealed from appellant is compelled to pay money which is found to be primarily due to Stark for the benefit of others, that Stark is

a necessary and indispensable party, because the rights as between Stark, the appellant and the lien claimants are inextricably bound together. The judgment herein purports to determine that money found to be owing by appellant to Stark should be paid not to Stark but to the lien claimants. Unless Stark is bound by the judgment, in a suit by Stark against appellant on the same demand appellant could not rely upon the judgment herein entered as *res judicata* but would be compelled to litigate the question anew. "As against a defaulting or disclaiming defendant, the relief must be consistent with the case made upon the complaint and embraced within the issues. (Code Civ. Proc., sec. 580.)" (*Balfour-Guthrie Inv. Co.* v. *Sawday,* 133 Cal. 228, 230 [65 Pac. 400, 401].) The issues made by the complaints served upon Stark concerned the right of the lien claimants to an equitable lien upon moneys due Stark from appellant on a loan made directly to Stark. The findings went outside the issues so made and adjudicated the priority of the lien claimants in moneys due from appellant to Stark on a loan made to Disterheft and by him assigned to Stark. As to these issues not made by the complaints served upon him Stark could in no manner be bound by his defaults. It results that the portion of the judgment appealed from cannot be *res judicata* as to Stark.

The portions of the judgment appealed from are accordingly reversed.

Nourse, P. J., and Sturtevant, J., concurred.