[S. F. No. 17550. In Bank. May 6, 1949.]

EDWARD M. BURTNETT, Appellant, v. ELLIJAH B. KING et al., Respondents.

Robert E. Hatch for Appellant.

Royal E. Handlos for Respondents.

CARTER, J.—By this action plaintiff seeks to quiet his title to an undivided one-half interest in certain real property which was admittedly the community property of himself and his former wife, Marion Burtnett. On the 21st day of July, 1945, she instituted an action for divorce against him in San Mateo County and he was personally served with summons. He defaulted therein, and the divorce decree awarded said community property to his wife. She subsequently conveyed said property to defendants. In the instant action no contention is made that plaintiff has estopped himself from questioning the validity of the award of community property, and there is nothing in the record from which it can be said that the doctrine of estoppel is applicable to the situation here involved. Defendants interposed the plea of res judicata, and the judgment in their favor is based solely upon the ground that the divorce decree awarding the community property to the wife is res judicata of her ownership of the title to said property in severalty. To ascertain the propriety of allowing that defense we must examine the pleadings in the divorce action.

In that action plaintiff wife claimed extreme cruelty, and the only reference to property rights in her complaint was the allegation that "the community property of plaintiff and defendant consists of the interest of plaintiff and defendant in the real property and dwelling house . . ." in San Mateo County. In the prayer there was no mention of the community property or request that it be awarded to anyone. There was a request for an order restraining the husband "from being upon or at the home" which plainly referred to an allegation in the complaint that he was molesting and harassing her. There was a prayer for general relief.

The statutes are very specific in their requirements for a judgment following a default. "The relief granted to

the plaintiff, if there be no answer, *cannot exceed,* that which he shall have *demanded* in his complaint; but *in any other case,* the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." [Emphasis added.] (Code Civ. Proc., § 580.) In cases where no answer has been filed and a default has been entered, but the clerk may not enter a default judgment, the plaintiff may apply to the court "for the relief *demanded* in the complaint" and after evidence is heard, the court may render a default judgment "for such sum *(not exceeding the amount stated in the complaint),* as appears by such evidence to be just." [Emphasis added.] (Code Civ. Proc., § 585(2).) Manifestly "demanded" means claimed, asserted a right to or prayed for. That there was no demand for the property in the instant case is plain; that is, not only did the relief accorded *exceed* the demand, it adjudicated property rights when none were ever asserted, claimed or prayed for.

It is equally clear that by reason of the mandatory language of the statute (the court *cannot* give a default judgment in excess of the demand), the court's jurisdiction to render default judgments can be *exercised only in the way authorized by statute.* It cannot act except in a particular manner, that is, by keeping the judgment within the bounds of the relief demanded. It has been held repeatedly, and recently, that where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. (See *Tabor* v. *Superior Court,* 28 Cal.2d 505 [170 P.2d 667]; *Lord* v. *Superior Court,* 27 Cal.2d 855 [168 P.2d 14]; *Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490]; *Abelleria* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *Fortenbury* v. *Superior Court,* 16 Cal.2d 405 [106 P.2d 411]; *Evans* v. *Superior Court,* 14 Cal.2d 563 [96 P.2d 107]; *Rodman* v. *Superior Court,* 13 Cal.2d 262 [89 P.2d 109]; *Spreckels S. Co.* v. *Industrial Acc. Com.,* 186 Cal. 256 [199 P. 8].) Certainly no statutory method of procedure or limitation on power could be more clearly expressed than that set forth in section 580 of the Code of Civil Procedure, *supra.* Thus the court wholly lacked jurisdiction to render a judgment affecting the community property, for there was no demand for such relief. Having no jurisdiction the judgment was not res judicata on this issue. It was void.

The essence of the policy underlying section 580 of the Code of Civil Procedure, *supra,* is that in default cases, defendant must be given notice of what judgment may be taken against him—a policy underlying all precepts of jurisprudence and protected by our constitutions. If a judgment other than that which is demanded is taken against him, he has been deprived of his day in court—a right to a hearing on the matter adjudicated. In cases where the clerk may enter a default judgment, as distinguished from a default, he has no authority other than that conferred by the *statutes.* He must strictly stay within his statutory authorization and a failure to do so renders the judgment *void.* (*Baird* v. *Smith,* 216 Cal. 408 [14 P.2d 749]; *Landwehr* v. *Gillette,* 174 Cal. 654 [163 P. 1018]; *Farrar* v. *Steenbergh,* 173 Cal. 94 [159 P. 707]; *Reher* v. *Reed,* 166 Cal. 525 [137 P. 263, Ann.Cas. 1915C 737]; *Crossman* v. *Vivienda Water Co.,* 136 Cal. 571 [69 P. 220]; *Wharton* v. *Harlan,* 68 Cal. 422 [9 P. 727]; *Junkans* v. *Bergin,* 64 Cal. 203 [30 P. 627]; *Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501; *Providence Tool Co.* v. *Prader,* 32 Cal. 634 [91 Am.Dec. 598]; *Kelly* v. *Van Austin,* 17 Cal. 564; *Potts* v. *Whitson,* 52 Cal.App.2d 199 [125 P.2d 947]; *Crofton* v. *Young,* 48 Cal.App.2d 452 [119 P.2d 1003]; *Spaulding & Co.* v. *Chapin,* 37 Cal.App. 573 [174 P. 334]; 158 A.L.R. 1091, 1114; 14 Cal.Jur. 893.) True, the courts in those cases spoke of the ministerial character of the clerk's function, but the policy there enunciated is based upon the necessity of notice. It is clear that the lack of it is as grave to defendant whether the clerk or the court renders the default judgment.

It is a settled rule, and has been clearly stated in many recent authorities, that a default judgment by the court that exceeds the demand or gives relief where no demand is made therefor is void as in excess of the court's jurisdiction and not res judicata. (*Lang* v. *Lang,* 182 Cal. 765 [190 P. 181]; *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312 [260 P. 545]; *Gregg* v. *Stark,* 128 Cal.App. 434 [17 P.2d 766]; *Balaam* v. *Perazzo,* 211 Cal. 375 [295 P. 330]; *Horton* v. *Horton,* 18 Cal.2d 579 [116 P.2d 605].) It is said in *Lang* v. *Lang, supra,* at page 768, where the divorce decree adjudicated community property rights where none were mentioned in the pleadings: "The defendant in that action (plaintiff here) had the right to assume that the judgment which would follow a default on her part would embrace only the issues presented by the complaint *and* the relief therein prayed. . . .

"Parties to an action for divorce may submit to the court the simple issue of their right to a divorce without reference to their property. (*Coats* v. *Coats,* 160 Cal. 671 [36 L.R.A.N.S. 844, 118 P. 441].) This being so, where a complaint in divorce contains no allegation with reference to property rights, a defaulting defendant should be entitled to assume that the only matter which will be determined by the court is the matter of divorce, and that the question of property rights will be left for consideration and determination in another and separate action. In addition thereto, it is a well-established rule *that in a default case the relief granted cannot exceed the prayer.* (*Brooks* v. *Forington,* 117 Cal. 219 [48 P. 1073]; *Mudge* v. *Steinhart,* 78 Cal. 34 [12 Am.St.Rep. 17, 20 P. 147].) *And where relief is given beyond the scope of that asked for, it is a nullity, and may be attacked collaterally, or its effect avoided* under the doctrine that it is not *res judicata.*" [Emphasis added.] And in *Horton* v. *Horton, supra,* at page 583: "While all these cases [referring to *Lang* v. *Lang, supra,* and others] *correctly* state the rule that in such circumstances *the allowance of relief beyond the scope of the pleading is a nullity,* for a defendant has the right to assume that the judgment which would follow a default on his part would embrace only the issues presented by the complaint and the relief therein asked, these authorities are not in point here because the wife's pleading amply sustains the amended decree as rendered." [Emphasis added.]

Some cases have said that the judgment is erroneous. (*Balfour-Guthrie Inv. Co.* v. *Sawday,* 133 Cal. 228 [65 P. 400]; *Longmaid* v. *Coulter,* 123 Cal. 208 [65 P. 791]; *Foley* v. *Foley,* 120 Cal. 33 [52 P. 122, 65 Am.St.Rep. 147]; *Gage* v. *Rogers,* 20 Cal. 91; *Lattimer* v. *Ryan,* 20 Cal. 628; *Mudge* v. *Steinhart,* 78 Cal. 34 [20 P. 147, 12 Am.St.Rep. 17]; *Burke* v. *Koch,* 75 Cal. 356 [17 P. 228]; *Pittsburgh C. M. Co.* v. *Greenwood,* 39 Cal. 71; *Parrott* v. *Den,* 34 Cal. 79; *Darsie* v. *Darsie,* 49 Cal. App.2d 491 [122 P.2d 64]; *Flores* v. *Smith,* 47 Cal.App.2d 253 [117 P.2d 712]; *Von Der Kuhlen* v. *Hegel,* 51 Cal.App. 416 [196 P. 913]; *Williams* v. *Reed,* 43 Cal.App. 425 [185 P.2d 515]; *Brown* v. *Caldwell,* 13 Cal.App. 29 [108 P. 874]; see, merely reversed, *Sav. & Loan Society* v. *Horton,* 63 Cal. 105.) But none of those cases decided or found it necessary to decide that the judgment was not void.

The cases of *Bowman* v. *Bowman,* 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246], *Miller* v. *Superior Court,* 9 Cal.2d 733

[72 P.2d 868], *Karlslyst* v. *Frazier*, 213 Cal. 377 [2 P.2d 362], *Parker* v. *Parker*, 203 Cal. 787 [266 P. 283], and *Cohen* v. *Cohen*, 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520], are not in point for the reason that there, support money or alimony was involved, and it may be conceded that this issue is so germane to the issue of divorce that a defendant must anticipate an award therefor although there is no prayer to that effect. Those cases involved awards of alimony or support for children. In the Bowman case it was alleged in the complaint that the husband and wife owed specific debts and requested that defendant husband be ordered to pay the debts. That request was granted in the judgment. In the Miller case the prayer requested that an agreement which contained a provision for alimony be made a part of the decree. The Karlsylst case involved support of a child and while permanent support was given the prayer asked for temporary support only. In the Parker case the weekly earnings of defendant husband was alleged, the custody of the child requested and the child was shown to be of tender years, and in the Cohen case the holding was based on the ground that the award of alimony was a necessary part of the proceeding.

It is conceded, as it must be, that it is erroneous to grant relief in excess of the demand, as all the cases hold to that effect. If it is error, it must be for the reason that the judgment violates section 580 of the Code of Civil Procedure, and that the violation consists in attempting to adjudicate matters beyond the issues made by the complaint. The only issues that may be litigated in a default proceeding are those presented by the complaint. As to other issues, those are not and cannot be litigated or adjudicated. It has long been settled that a judgment is not res judicata as to issues that are not or could not be litigated. In *English* v. *English*, 9 Cal.2d 358, 363 [70 P.2d 625, 128 A.L.R. 467], this court quotes with approval from Corpus Juris: ''The doctrine of conclusiveness of judgments applies to a judgment by default with the same validity and force as to a judgment rendered upon a trial of issues, provided such judgment is regular and valid, and shows distinctly on what count or cause of action it was rested. *But the confession implied from the default is limited to the material issuable facts which are well pleaded in the declaration or complaint, and does not apply to issues which were not raised in the pleadings.* Nor, subject to the rule that the judgment is conclusive as to every fact necessary to uphold it, is a default judgment conclusive, in a subsequent

suit on a different cause of action, against any defenses defendant may have, although the same defenses, if pleaded and proved in the former action, would have defeated plaintiff's recovery, because in the absence of a trial and hearing in the first suit, it cannot be said that such matters were adjudicated therein.''

In the divorce action here involved no notice was given to the husband that the community property would be adjudicated. The prayer did not demand an award of such property. It made no mention of it at all. It may be observed that the complaint alleged that said husband would inflict bodily injury upon plaintiff unless restrained. The prayer asked that such violence be restrained, and incidentally, to carry out that purpose, that he be ordered to stay away from the ''home of plaintiff and defendant.'' Rather than advising the husband that the rights in the home would be adjudicated, the clear implication is that it was conceded that the property was *the home of both,* and would remain such, but that the husband should not go there during the pendency of the action. The only reasonable interpretation of the pleading is that the wife was not going to claim the home as hers, and she was recognizing her husband's interest therein. The only prayer that could possibly be said to embrace a demand for the property was a general prayer for such other relief as may be proper. It is clear that the husband had no notice or warning that the property would be affected by a default judgment. On the contrary, as above seen, the only indication was otherwise, and in addition, by reason of his wife's silence on the subject in her prayer, he would properly assume that the rights to the property were not to be litigated in that action. To hold otherwise would mean that this court sanctions a procedure under which a defendant may be *trapped* by a default judgment. Merely alleging that the property was community in no way challenged his right to retain his interest therein. Rather it admitted he should. He would feel wholly safe in agreeing to that allegation without any thought that his interest in the property was in jeopardy. Under such circumstances the default judgment could not be res judicata of his interest in the property.

The judgment is reversed.

Shenk, J., Traynor, J., and Schauer, J., concurred.

EDMONDS, J.—Unquestionably, in a default action, the court may not grant relief beyond that which is demanded

in the complaint. (Code Civ. Proc., § 580.) But a judgment in excess of the prayer of the complaint is not necessarily void and thereby subject to collateral attack. Only to the extent that it includes a subject matter not embraced within the pleadings, is the judgment void. Where the subject matter is before the court by appropriate allegations of the complaint, a judgment which exceeds the demands of the prayer is erroneous and subject to direct, but not collateral, attack.

In an action where the jurisdiction of the court depends upon the amount of the "demand," ordinarily the prayer is determinative of the question. (*Miller* v. *Carlisle,* 127 Cal. 327 [59 P. 785]; and see *Becker* v. *Superior Court,* 151 Cal. 313 [90 P. 689].) But the right to adjudicate does not always depend upon the measure of the relief sought; it may be "found in the nature of the case as made by the complaint." (*Silverman* v. *Greenberg,* 12 Cal.2d 252, 254 [83 P.2d 293].) As stated in section 1917 of the Code of Civil Procedure: "The jurisdiction sufficient to sustain a record is jurisdiction over the cause, over the parties, and over the thing, when a specific thing is the subject of the judgment."

The case of *Horton* v. *Horton,* 18 Cal.2d 579 [116 P.2d 605], is directly in point here and should be controlling. That was an action for separate maintenance in which the plaintiff had alleged the existence of community property, describing it, and the husband's ability to pay for her support. The prayer requested "a reasonable sum" for that purpose, as well as for attorneys' fees and costs, and for an order restraining dissipation of the assets by the husband. The decree required the husband to pay specified amounts to her for her separate maintenance, and she also was awarded certain property described in the complaint. Upon collateral attack, this court held that the allegations as to the ability of the husband to pay support and the itemization of the community property "were sufficient to notify him that the disposition of the community property and his ability to make the payments requested were issuable facts." (*Horton* v. *Horton, supra,* p. 583.)

In the present case, although the complaint did not contain a specific prayer for a division of community property, there were allegations sufficient to bring it within the rule of the Horton case. Paragraph V of the divorce complaint reads: "That the community property . . . consists of the interest of plaintiff and defendant in the real property and dwelling house situated at No. 478 Miriam Street, Daly City,

County of San Mateo, State of California, one (1) cook stove, cash in the amount of One Hundred Dollars ($100.00) and four United States Bonds of the maturity value of Twenty-five ($25.00) Dollars each.'' This is not an allegation such as may be disposed of as a mere preliminary to the prayer for injunctive relief; if this were the sole purpose of the allegation, why was there included the enumeration of the stove, cash and bonds?

The majority opinion contains a striking anomaly. It is first stated in the most unequivocal terms ''that by reason of the mandatory language of the statute (the court *cannot* give a default judgment in excess of the demand), the court's jurisdiction to render default judgments can be *exercised only in the way authorized by statute.* . . . Thus the court wholly lacked jurisdiction to render a judgment affecting the community property, for there was no demand for such relief. Having no jurisdiction the judgment was not res judicata on this issue. It was void.'' The rule thus stated would appear to be unswerving and final, and, incidentally, contrary to the rule of *Horton* v. *Horton, supra.* Yet at a later point the opinion demonstrates little difficulty in bending its rigid rule to avoid the inevitable collision with certain cases. (*Bowman* v. *Bowman,* 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246]; *Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868]; *Karlslyst* v. *Frazier,* 213 Cal. 377 [2 P.2d 362]; *Parker* v. *Parker,* 203 Cal. 787 [266 P. 283]; *Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520].) Of these cases, it is said: They ''are not in point for the reason that there, support money or alimony were involved, *and.it may be conceded that this issue is so germane to the issue of divorce that the defendant must anticipate an award therefor although there is no prayer to that effect.*'' (Emphasis added.) Why this exception? If, as the opinion states, the court's jurisdiction to enter judgment in a default action is strictly limited to the ''very specific'' terms of section 580 of the Code of Civil Procedure, how can a court be held to have ''jurisdiction'' beyond the scope of the prayer in cases where alimony or support is in issue when the statute makes no mention of such an exception? It would seem, rather, that if the majority has properly construed the statute, consistency requires that the support and alimony cases be overruled or disapproved.

Nor is it clear why alimony is any more ''germane'' to an action for divorce than is community property. Each of these issues is frequently, if not generally, determined in a

divorce proceeding; yet, a divorce may be entered without a determination of either issue. Where, as here, there is an allegation listing all of the community property of the spouses, the husband is certainly on notice that the issue of property is "germane" to the litigation. If there is no prayer for division of the property, the decree which includes such division is erroneous but not void, if and to the extent that there is a proper allegation in the complaint to raise the issue. (*Horton* v. *Horton*, 18 Cal.2d 579 [116 P.2d 605].)

For these reasons, I would affirm the judgment.

Spence, J., concurred.

Respondents' petition for a rehearing was denied June 2, 1949. Edmonds, J., and Spence, J., voted for a rehearing.