[Civ. No. 24870.   Second Dist., Div. Two.   Sept. 26, 1960.]

GORDON M. EMANUEL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARY LOUISE EMANUEL, Real Party in Interest.

Gordon M. Emanuel, in pro. per., for Petitioner.

No appearance for Respondent.

Alfred A. Wells and John A. Griffin for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner seeks by this proceeding in review to annul an order of the respondent court finding him guilty of contempt on May 19, 1960, for his purported wilful violation of a prior order of April 23, 1959, requiring him "to make arrangements with the doctors for payment of the balance of the doctor bills."

By reason of the diverse contentions of petitioner and of the nature of the matter, it is necessary to outline the history and background of the controversy in addition to setting forth the essence of the contempt proceedings of May, 1960, and the said proceedings of April, 1959.

In March, 1957, petitioner commenced an action for divorce against his wife, Mary, the real party in interest herein. Mary, hereinafter referred to as "wife," answered, cross-complained for separate maintenance, sought pendente lite allowance for

---

*Assigned by Chairman of Judicial Council.

herself and the four minor children of the parties, and award of the community property.

On May 17, 1957, the respondent court made an order pendente lite providing *inter alia* that the custody of the minor children be awarded to wife, that petitioner pay to her $50 weekly for her support and support of the children, and that petitioner ". . . pay medical expenses for his family, as presented to him, and except in cases of emergency, he [petitioner] shall be consulted as to a choice of doctor to be retained."

No further proceedings apparently occurred in the action until June, 1958, although a property settlement agreement was entered into by the parties in January, 1958.

The said property settlement agreement, as amended on June 5, 1958, purported to be a complete integrated settlement between the parties and, insofar as material herein, it contained an acknowledgment that petitioner had, prior to May 17, 1957, either equalled or exceeded all applicable orders of the court rendered on said date, and that he had since said date fully complied with all said orders of the court rendered on said date. Said agreement also contained a provision that petitioner agreed "[t]o provide and pay for, or to cause to be provided and paid for by insurance, reasonable medical care for the Wife and children . . ., but except in cases of emergency the Husband shall be consulted as to the choice of a doctor to be retained."

On June 6, 1958, the parties stipulated that petitioner's complaint for divorce and wife's answer thereto be withdrawn; that her cross-complaint for separate maintenance be amended to one for divorce, and that the cause of action on such cross-complaint be tried forthwith as a default matter.

The cross-complaint did not plead nor pray for payment of any medical bills nor allege or pray for any order approving the property settlement agreement or any order requiring petitioner to furnish and pay for medical treatment for herself or the minor children. In her said cross-complaint, she merely prayed for a divorce, the award of the community property and of the children to her, and that petitioner be ordered to pay a reasonable sum per month for her support and the support of the minor children, for attorney's fees and costs.

Notwithstanding the foregoing and that her action on her cross-complaint was heard by stipulation as a default matter, the trial court proceeded in its interlocutory judgment of divorce, rendered July 7, 1958, and entered July 8, 1958, to

order *inter alia* ". . . that the cross-defendant . . . shall provide and pay for, or cause to be provided and paid for by insurance, reasonable and necessary medical, hospital, and dental care for . . . [wife] and for the children of the parties . . ."; and further ". . . that the cross-defendant . . . pay doctor bills incurred by or for . . . [wife] and/or the children of the parties prior to this date. . . ." While the property settlement agreement, as modified, was admitted into evidence, the court refrained from making any order approving or incorporating it as a part of said judgment.

Thereafter, on January 9, 1959, wife presented an affidavit for and secured an order commanding petitioner to show cause why he should not be adjudged guilty of contempt for wilfully disobeying the order made on July 8, 1958, the aforementioned interlocutory judgment of divorce. Wife's said affidavit insofar as material hereto averred that petitioner was ordered on July 8, 1958, to pay the reasonable necessary medical bills incurred by either party; that he had failed to pay six named doctors who were owed bills totalling $908; one named hospital in amount of $195.07; and a named pharmacy in amount of $54.78.

Wife's affidavit contained no specification as to the persons to whom the medical services were furnished; no specification of the dates when furnished; no allegations as to whether the medical services so furnished were necessary or reasonable and no statement as to whether the medical services had been furnished in emergencies nor as to whether petitioner had been consulted before the doctors were retained. Further, her affidavit contained no disavowment of her acknowledgment as set forth in the property settlement agreement to the effect that petitioner prior to May 17, 1957, had equalled or exceeded all payments ordered on said date and that since said date petitioner had complied with said order of the court. Likewise, her affidavit contained no statement nor contention that her said acknowledgment was procured as result of fraud or mistake.

Thereafter on January 30, 1959, petitioner presented an affidavit for and secured order commanding wife, insofar as material herein, to show cause why said interlocutory judgment should not be modified by adding a provision requiring, as specified in the property settlement agreement, that, except in case of emergencies, wife be required to give notice to him before incurring medical, dental and hospital charges, or, in the alternative (a) he be permitted to provide such services

directly or (b) wife be required to pay a small portion of charges for such services from her own earnings.

Subsequently on April 23, 1959, the two said order to show cause matters came on for hearing before the respondent court. In its order made on April 23, 1959, the court, after reciting that petitioner had delivered to wife in open court on said date two checks in total sum of $300 and after ordering her to apply said checks on the doctor bills, ordered petitioner in general terms ''to make arrangements with the doctors for payment of the balance of the doctor bills.'' Further, the court at said time also ordered that the prior interlocutory judgment of divorce be modified to provide that wife ''must consult with . . . [petitioner] prior to incurring any medical, dental, and hospital bills, except in cases of emergency,'' and that the contempt proceeding be placed off calendar.

On April 25, 1960, wife presented an affidavit for and secured an order commanding petitioner to show cause why he should not be adjudged guilty of contempt for wilfully disobeying the aforementioned order of April 23, 1959. More specifically and insofar as material hereto, said affidavit averred, on information and belief only, that petitioner had not made any arrangements to pay the medical bills as he was ordered to do in the prior order of April 23, 1959; that wife had been sued by at least one of the doctors and that petitioner had the ability to pay said medical bills.

On May 19, 1960, after a hearing on the matter, the respondent court found that petitioner had knowledge of the prior order of April 23, 1959, that he had the ability to comply with said order and that he had wilfully failed to comply therewith. He was accordingly adjudged in contempt of court.

Petitioner has advanced several substantial reasons whereby he contends the order of May 19, 1960, adjudging him to be in contempt of court should be annulled. It seems sufficient, however, to limit our discussion to two grounds which compel the annulment of such contempt order and we will therefore confine our discussion to them.

First, it appears from the facts herein that petitioner has in essence been found in contempt for violation of orders which the respondent court was without jurisdiction to make.

While the order of May 19, 1960, recites that petitioner is being held in contempt for wilful violation of the prior order of April 23, 1959, the said prior order was in fact based on the premise that the interlocutory judgment of divorce had

jurisdictionally and legally ordered petitioner to pay medical bills, and petitioner was held in contempt because he had failed to make arrangements with doctors to pay medical bills which he was purportedly obligated to pay under the provisions of said interlocutory judgment.

The default interlocutory judgment of divorce, however, exceeded the relief alleged and prayed for in wife's cross-complaint. As previously noted, the cross-complaint did not demand nor seek payment or provision for medical, hospital or dental care. While said cross-complaint sought allowance of a reasonable sum per month for wife's support and for the support of the minor children, such demand, in a default hearing, may not be construed to include in addition thereto payment of and provision for medical, hospital and dental care.

This is especially true under the particular facts herein where the parties had entered into a property settlement agreement containing acknowledgments that petitioner had complied with all orders of the court prior to the default hearing on the cross-complaint for divorce and such agreement further provided that, except in cases of emergency, petitioner shall be consulted as to the choice of doctors.

It is settled that Code of Civil Procedure, section 580, declaring that relief granted to a plaintiff, if there be no answer, cannot exceed that which he shall have demanded in the complaint, is applicable to relief granted on a cross-complaint where counterpleadings have been withdrawn. (*Swycaffer* v. *Swycaffer,* 44 Cal.2d 689, 692, 693 [285 P.2d 1] ; *Burtnett* v. *King,* 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333].) Since the order in the interlocutory judgment relating to provision of and payment for medical, hospital and dental care was in excess of the relief sought and since the matter was heard as a default, said portions of the interloctory judgment were in excess of the trial court's jurisdiction and void. It follows that any subsequent orders based thereon were likewise void and the contempt order of May 19, 1960, must therefore be annnulled.

Secondly, we are convinced that, under the particular facts herein, petitioner was not accorded due process, and that the said contempt order should be annulled for this additional reason.

Wife's affidavit of April 25, 1960, which merely averred on information and belief that petitioner had not made any

arrangements to pay the medical bills as ordered on April 23, 1959, is lacking in certainty and particularity and is insufficient in failing to state facts constituting the offense of contempt under the tests and criteria laid down in *Warner* v. *Superior Court*, 126 Cal.App.2d 821 [273 P.2d 89]. Even if such affidavit is related back to her previous affidavit of January 9, 1959, wherein she at least named certain doctors and amounts owing to them as previously mentioned, petitioner was nevertheless not informed as to the dates when the charges were incurred or for whom, whether the medical treatment was reasonable or necessary, whether it was secured in an emergency or, if not, whether wife had first consulted with petitioner. Likewise and as previously mentioned, her affidavits make no disavowal of her acknowledgment in the property settlement agreement that petitioner had complied with all orders up to the default hearing.

We are not unmindful of the provisions of section 1209.5, Code of Civil Procedure.[1] Even assuming the applicability and constitutionality of said section, the particular facts herein still require that the charges be definitely stated against petitioner instead of left to surmise and innuendo.

Petitioner was in effect forced to face a general, indefinite charge with no specific averments as to why, how or in what respects he had violated duties imposed upon him. Such an accusation falls short of apprising petitioner with reasonable certainty of his purported dereliction so that he could remedy it and he therefore was not accorded due process.

The order finding petitioner guilty of contempt of court is annulled.

Fox, P. J., and Ashburn, J., concurred.

---

[1]Said section, added in 1955, provides: ''When a court of competent jurisdiction makes an order compelling a parent to furnish support or . . . medical attendance, or other remedial care for his child, proof that such order was made, filed, and served on the parent and proof of noncompliance therewith shall be prima facie evidence of a contempt of court.''