[L. A. No. 24067. In Bank. Oct. 11, 1957.]

ELEANOR LOUISE CRAFT, Respondent, v. JOSH COLEMAN CRAFT, Appellant.

C. E. Crowley for Appellant.

Robert G. Beloud and Robert W. Sutton for Respondent.

GIBSON, C. J.—Defendant has appealed from certain orders relating to the modification of interlocutory and final decrees of divorce so as to provide for increased alimony payments to plaintiff.

In 1954, prior to commencement of the wife's action for divorce, she and her husband, who was not then represented by counsel, signed a "STIPULATION - APPEARANCE AND WAIVER" prepared by the wife's counsel in which defendant acknowledged service of summons and complaint, waived time to appear and answer, stipulated that the matter might be set down for trial on the default calendar, and waived further notice. In addition the parties agreed to a specified division of the community property and the allowance of certain fees to plaintiff's counsel, and she waived payment of alimony by defendant. She then filed a complaint for divorce which did not pray for alimony but did ask generally for "other and further relief." No answer was filed by defendant, but the stipulation and appearance was filed and made a part of the record, and the case was heard as a default matter in defendant's absence. In accordance with the stipulation, the form of decree prepared by plaintiff's attorneys provided that there should be no alimony, but the court by interlineation modified the provision so as to require payment of $1.00 per month alimony. It appears to be undisputed that defendant was not present at the time this provision was modified. A year later defendant applied for and obtained a final decree of divorce.

About seven months after entry of the final decree plaintiff obtained new counsel and filed an affidavit requesting the court to modify the interlocutory and final decrees so as to require defendant to pay a reasonable sum as alimony. The court ordered defendant to pay plaintiff $25 per week alimony and granted her motion for attorney's fees. Defendant's motion to strike portions of the interlocutory decree and to modify or vacate the decree was denied.

It was error for the trial court to award alimony in the interlocutory decree since no support money was demanded in the complaint for divorce and the case was heard as a de-

fault matter. (Code Civ. Proc., § 580;* *Parker* v. *Parker,* 203 Cal. 787, 791-792 [266 P. 283]; *Eddy* v. *Eddy,* 64 Cal.App.2d 672, 673-674 [149 P.2d 187]; *Darsie* v. *Darsie,* 49 Cal.App.2d 491, 494 et seq. [122 P.2d 64].) ■ The error was not urged by a timely appeal or motion for relief under section 473 of the Code of Civil Procedure, but defendant may nevertheless attack the provisions of the interlocutory decree at any time if they are void on the face of the record.

■ The judgment roll shows that the parties had stipulated that there would be no alimony. The various provisions of the stipulation agreed to by plaintiff, including the waiver of alimony, constituted the consideration for defendant's agreement that his appearance could be filed and that the case might be heard as a default matter. The stipulation entitled him to believe that the issue of alimony had been eliminated and that no support money would be awarded in the absence of proper notice to him. Under these circumstances he had a right to rely upon the stipulation, and it is apparent that he did so rely when, in accordance with the agreement, he failed to answer the complaint and permitted the case to be heard as a default matter. In the absence of proper notice to defendant or other reason why he should have anticipated that the stipulation would be disregarded, the court had no jurisdiction to include an award of alimony in the interlocutory decree.

This court held in *Burtnett* v. *King,* 33 Cal.2d 805, 806 et seq. [205 P.2d 657, 12 A.L.R.2d 333], that under section 580 of the Code of Civil Procedure the trial court in a divorce action had no jurisdiction to make an award of community property to the wife where her complaint did not demand such relief and the husband defaulted. (*Cf. Swycaffer* v. *Swycaffer,* 44 Cal.2d 689, 693-694 [285 P.2d 1] [award of child custody under prayer for annulment held void].) The opinion pointed out that the husband had "no notice or warning" that the property would be affected by a default judgment, that he would properly assume that the rights to the property would not be litigated, that a prayer for general relief was insufficient to give notice and that a holding that he was bound by the decree would sanction a procedure under which a defendant might be trapped by a default judgment. (33 Cal.2d at p. 811.)

---

*Section 580 provides that the relief granted to the plaintiff where there is no answer "cannot" exceed that which he shall have demanded in his complaint.

The Burtnett case (33 Cal.2d at pp. 809-810) distinguished several decisions which held that a default divorce decree awarding support money is not void although none was sought by the complaint. (Citing *Bowman* v. *Bowman,* 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246] ; *Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868] ; *Karlslyst* v. *Frazier,* 213 Cal. 377 [2 P.2d 362] ; *Parker* v. *Parker,* 203 Cal. 787 [266 P. 283] ; *Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520].) These decisions were explained upon the theory that the question of support money, unlike that of the division of community property, is so germane to the issue of divorce that a defendant must anticipate an award of alimony regardless of whether there is a prayer for such relief. It is obvious that a different situation is presented where, as here, there is not only a failure to pray for alimony but also a stipulation which amounts to an agreement to remove that issue from the case.

██ While a defendant must ordinarily anticipate an award of alimony in an action for divorce, he should not be required to do so where there is a stipulation waiving that relief, and the existence of such a stipulation precludes the court from awarding support money in the absence of proper notice to the defaulting defendant. ██ Even if we were to assume that at the time of granting an interlocutory decree the court might, under some circumstances, disregard an agreement of the parties with respect to support and maintenance and make an award of alimony in derogation of the agreement (see *Adams* v. *Adams,* 29 Cal.2d 621, 624-625 [177 P.2d 265]), it could not do so in the absence of sufficient notice to a defaulting party. (For suggested procedure, see *Darsie* v. *Darsie,* 49 Cal.App.2d 491, 494-495 [122 P.2d 64] ; *Eddy* v. *Eddy,* 64 Cal.App.2d 672, 673-674 [149 P.2d 187].)

We need not consider whether defendant could be estopped from attacking the judgment as being void on its face because, assuming without deciding that there may be such an estoppel, we find no evidence showing any inequitable conduct on his part or any change of position by plaintiff in reliance on any action by defendant. It appears that when defendant applied for the final decree of divorce, he filed the affidavit required by rule 20 of the Rules for the Superior Courts (33 Cal.2d 9-10) in which he averred that he had complied with all of the requirements of the interlocutory decree on his part and was not in default as to any of them. The final decree pro-

vided that if the interlocutory decree made any provision for alimony or the disposition of community property, those provisions were made binding on the parties the same as if set forth in full. In view of the circumstances under which plaintiff obtained the default interlocutory decree, defendant was entitled to believe that the decree would be consistent with the stipulation waiving alimony, and he had no duty to make an investigation to ascertain whether the decree departed from the agreement. When, in order to obtain the final decree, he signed the affidavit stating that all requirements of the interlocutory decree had been complied with on his part, he had a right to proceed upon the assumption that no alimony had been awarded, and there is no evidence that he was then aware of the provision making such an award.

 Plaintiff has applied for an allowance of attorney's fees for services rendered on appeal. The request for such fees is a matter which should ordinarily be addressed to the trial court, and we are of the view that the general rule should be followed here. (Civ. Code, § 137.3; *cf. Lerner* v. *Superior Court,* 38 Cal.2d 676, 687-688 [242 P.2d 321].) Under the record presented upon this appeal we are unable to say whether the trial court could or should award attorney's fees.

The orders appealed from are reversed. The application for counsel fees on appeal is denied.

Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

SHENK, J.—I dissent.

In order to fully comprehend the problems involved on this appeal an elaboration of the facts is a prerequisite.

In February 1954, the plaintiff filed her complaint for divorce charging the defendant with extreme cruelty. She alleged a marriage of seven and a half years, the existence of community property and that there were no children of the marriage. She prayed that she be awarded the community property, attorney's fees and costs, and "such other and further relief as to the court may seem" proper. There was no specific request for alimony.

The defendant was served with a copy of the summons and complaint. Thereafter the parties entered into a written stipulation in which the defendant waived time for appearance, notice of trial, findings of fact and conclusions of law,

and agreed that the cause might be heard as a default matter. It was further stipulated that the community property be awarded to the plaintiff except as to certain minor items and personal belongings of the defendant; that the plaintiff be awarded attorney's fees and costs, and that the plaintiff "waives the payment of alimony by defendant to plaintiff." The stipulation was signed, acknowledged, filed and made a part of the record in the divorce proceedings.

The cause was heard as a default matter and the form of an interlocutory decree was submitted to the court by the plaintiff. As so submitted it was consistent with the stipulation and contained the following proposed order: "It Is Further Ordered, Adjudged And Decreed that plaintiff is not entitled to any payment for alimony by the defendant to plaintiff." The trial judge deleted that provision and added the following: "It Is Further Ordered, Adjudged And Decreed that plaintiff is entitled to payment for alimony by defendant to plaintiff, which until the further order of the Court, shall be $1.00 per month beginning March 1, 1954." With the addition the decree was entered. Upon the expiration of the statutory time the defendant personally applied for a final decree. With his application he filed an affidavit in which he stated that since the granting of the interlocutory decree "all the requirements therein have been fully complied with on the part of the moving party herein, and he is not in default in any thereof. . . ." On February 16, 1955, the final decree was entered in which it was ordered that "if said interlocutory judgment, or any modification thereof makes any provision for alimony . . . said provisions, or modification thereof if made, be and the same are hereby made binding on the parties affected thereby the same as if herein set forth in full."

On September 30, 1955, the plaintiff obtained an order requiring the defendant to show cause why the interlocutory and final decrees should not be modified to require the defendant to pay to the plaintiff a reasonable sum as alimony and support. A hearing was had before a court commissioner who recommended that the interlocutory and final decrees be modified to provide that the defendant pay to the plaintiff the sum of $25 per week as alimony, together with attorney's fees and costs. On October 14, 1955, an order was entered in accordance with the recommendation of the commissioner.

On October 28, 1955, the defendant made a motion for

an order (1) striking from the interlocutory decree that portion which originally required that he pay $1.00 per month alimony, and (2) setting aside and vacating the order of modification and overruling the recommendation of the commissioner that the original decree be modified. The motion was made on the ground that the court was without jurisdiction to make the original order for alimony after the plaintiff had stipulated to waive the payment thereof, and that the defendant had not received notice of entry of the interlocutory decree. On November 7, 1955, the trial court denied the defendant's motion in its entirety and granted the motion of the plaintiff for additional attorney's fees incurred in presenting the opposition to the defendant's motion.

The defendant appeals from the order of November 7 in its entirety and from the order of October 14, 1955, providing for the $25 weekly alimony payment. The propriety of including in the original interlocutory decree the provision for alimony, the right of the defendant to raise the issue after the time to appeal from the decree had expired, and the allowance of attorney's fees and costs are the questions upon which the validity of the orders appealed from depend.

It is contended by the defendant that the provision in the interlocutory decree for the payment of alimony is void since it was not specifically prayed for. Section 580 of the Code of Civil Procedure provides that "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . ." There being no answer it may be assumed that the award for alimony was erroneous. (*Parker* v. *Parker*, 203 Cal. 787, 792 [266 P. 283]; *Eddy* v. *Eddy*, 64 Cal.App.2d 672 [149 P.2d 187].) But such an award even if erroneous is not void as in excess of jurisdiction when general relief is prayed for. The question of the validity of the award under such circumstances must be raised either on appeal or by an application for relief pursuant to section 473 of the Code of Civil Procedure. (*Parker* v. *Parker, supra,* 203 Cal. 787, 792.) Here the defendant neither appealed nor sought relief under section 473 within the time in which it could be granted.

A recent expression of this court as to the effect of section 580 in a default divorce proceeding is found in *Burtnett* v. *King,* 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333]. There the court held that an award of community property was void where a plaintiff in a default divorce proceeding failed to pray for an award of such property. The court was careful

to distinguish that case from those cases wherein the trial court had made an erroneous award for alimony not prayed for by the plaintiff. Beginning on page 809 it was stated: "The cases of *Bowman* v. *Bowman,* 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246], *Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868], *Karlslyst* v. *Frazier,* 213 Cal. 377 [2 P.2d 362], *Parker* v. *Parker,* 203 Cal. 787 [266 P. 283], and *Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520], are not in point for the reason that there, support money or alimony was involved, and it may be conceded that this issue is so germane to the issue of divorce that a defendant must anticipate an award therefor although there is no prayer to that effect." Where alimony is involved the court was of the opinion that the defendant had reason to anticipate that an award might be made although not prayed for, and that while such awards would be erroneous it would not be beyond the jurisdiction of the court to make them as would be the case where an award of community property had not been prayed for. That being so, a judgment awarding alimony not specifically prayed for would not be open to collateral attack. In the present case the complaint gave sufficient notice that an award of alimony might be made by the court because of the prayer for "such other and further relief as to the court may seem" proper. Such notice has been held sufficient for jurisdictional purposes. In *Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520], the complaint for divorce contained no averments concerning property or concerning the husband's ability to pay alimony. In addition to a divorce the prayer was for "such other relief as may be just and meet in the premises and within the jurisdiction of the court." In upholding an award for alimony this court stated that the judgment was not void "in a case where the relief given is within the terms of a prayer for general relief and is germane to the cause of action stated, although it may not be authorized by the facts alleged."

In attempting to show that the interlocutory judgment was void insofar as it provided for the payment of alimony the defendant contends that he had no actual notice of the alimony provision until the plaintiff filed her motion for modification and at that time it was too late for him to appeal from the interlocutory decree or to seek relief under section 473. Such circumstances, however, do not go to the question of jurisdiction in view of the statement in Burtnett and other cases that an award of alimony "is so germane to the issue of divorce

that a defendant must anticipate an award therefor although there is no prayer to that effect.'' Furthermore, the record reveals that in the affidavit executed by the defendant for the issuance of the final decree and which was personally filed by him he averred that he had fully complied with ''all the requirements'' of the interlocutory decree. One of those requirements was that he pay monthly alimony to the plaintiff. The final decree contained the same requirement. As to the defendant's claim that he was without notice of the entry of the decrees it appears without contradiction that he himself applied for the final decree and executed the prerequisite affidavit stating that he had complied with the requirements of the interlocutory decree. He must therefore be deemed to have had actual notice of the alimony requirement in the final decree, and it was incumbent upon him to move for relief from its operation within the time provided by section 473.

It is next contended by the defendant that apart from the operation of section 580 of the Code of Civil Procedure the stipulation constitutes a valid and enforceable property settlement agreement the terms of which could not be altered by the court. The stipulation is in the form of a property settlement agreement. The provision for the waiver of alimony is not shown to have been made in consideration of the provision for the division of community property or of other provisions in the stipulation. No request was made by either party that it be approved and the record does not show that it was approved by the court. It was not incorporated in the interlocutory decree and no mention of it is made therein.

It cannot fairly be said that by entering into the stipulation the parties intended to enter into contractual obligations which could be enforced independently of the divorce proceedings. As such the stipulation may not be construed as a property settlement agreement. Where a waiver of alimony is not shown to be an integral part of such an agreement nor to have been made in consideration of a favorable division of the community property the court is not bound by it to the exclusion of its general power over the allowance of alimony (*Adams* v. *Adams*, 29 Cal.2d 621, 624-625 [177 P.2d 265]; *Hough* v. *Hough*, 26 Cal.2d 605, 613 [160 P.2d 15]), and may exercise its discretion to make a proper award (Civ. Code, § 139). Furthermore, even in those cases where a valid property settlement agreement had been entered into and its provisions improperly disregarded by the trial court the interlocutory decree is not subject to collateral attack. In

*Smith* v. *Smith,* 40 Cal.2d 461, this court stated at page 464 [254 P.2d 1]: "In the present case, however, defendant did not appeal from the interlocutory decree. That decree is now final, and in this proceeding defendant seeks collaterally to attack the provision awarding alimony. Accordingly, we are not concerned with whether the court erred in granting relief inconsistent with the property settlement agreement but only with whether it had jurisdiction to do so."

Here no fraud, concealment or other improper conduct chargeable to the plaintiff has been shown. The defendant simply neglected to ascertain the extent of the duties imposed upon him by a judgment of which he was aware and with the terms of which he formally averred he had complied. The hardship which he claims to have befallen him and from which he failed to request relief within time does not fall within any cognizable ground for relief at this time. In seeking any relief to which he may be entitled he should be relegated to an application for modification of the present decree upon a proper showing in pursuance of the discretion vested in the court under section 139 of the Civil Code.

The orders should be affirmed.