[Civ. No. 7205. Fourth Dist. Nov. 13, 1963.]

GENTRY L. LOOPER, Plaintiff and Appellant, v. LOU
ELLEN LOOPER et al., Defendants and Respondents.

248

Swing, Scharnikow & Lewis and Bernard L. Lewis for Plaintiff and Appellant.

J. Jackson Wills for Defendants and Respondents.

GRIFFIN, P. J. — Plaintiff-appellant Gentry L. Looper filed this action on March 30, 1961, to quiet title, alleging that he was the owner of lots A-145 through A-148, inclusive, of an addition to San Ysidro in San Diego County, against defendants-respondents Lou Ellen Looper (his former· wife) and Walter Zumstein and wife, who it is claimed owned some interest therein adverse to plaintiff. It then alleged that on November 2, 1957, defendant Lou Ellen Looper entered into a property settlement agreement with plaintiff whereby plaintiff was to receive from Lou Ellen Looper the real property described; that said property settlement agreement was thereafter executed by the parties and deeds to said property were duly executed, delivered and recorded; that since November 1958, defendant Lou Ellen Looper has nevertheless made a claim to said real property, and, due to plaintiff's absence from the State of California while on duty with the U. S. Navy, plaintiff is informed and believes and therein alleges that defendant Lou Ellen Looper has been in possession of said real property; that the claim of defendant Lou Ellen Looper is without any right whatsoever and she has no estate, right, title or interest whatsoever in said land.

It is therein further claimed that defendant Lou Ellen Looper collected money as rents thereon since November 14, 1958, and that an accounting is sought in this respect. The prayer is that defendants be required to set forth the nature of their several claims and all adverse claims be determined by a decree in this action , and for an accounting.

Defendant Lou Ellen Looper answered, denied generally these allegations, and set forth an affirmative defense that plaintiff has been guilty of laches and unreasonable delay in bringing the action; that deeds to the real property involved in the property settlement agreement were executed without

consideration and by undue influence of the plaintiff; that title to said property has been previously adjudicated in the divorce action between the parties before another judge and that plaintiff should be estopped from now making claim to the property. She filed no cross-complaint. Plaintiff demurred to these affirmative defenses, which demurrer was overruled.

After trial, the trial court found generally that plaintiff and defendant Lou Ellen Looper were formerly husband and wife; that defendant wife filed an action for divorce against plaintiff on November 6, 1957, identified as action No. 219811, wherein certain real property, identified as lots A-145 and A-146, San Ysidro, was alleged to be the community property of plaintiff and defendant Lou Ellen Looper; that plaintiff and said defendant Lou Ellen Looper entered into and executed a certain property settlement agreement on November 2, 1957, wherein it was provided that plaintiff would receive title to said property from said defendant; that a deed to said property was executed by said defendant on November 2, 1957; that about March 6, 1958, plaintiff was informed and advised by letter from Lou Ellen Looper's attorney that she claimed that said property settlement agreement was unfair and inequitable and that she would not be bound thereby; that at said default hearing the property settlement agreement was set aside and vacated and each party thereto released from the terms, conditions, responsibilities and obligations thereof; and that at said hearing said real property was awarded to said defendant Lou Ellen Looper as her sole and separate property. The court then found that in the divorce action the property settlement agreement was not approved, was set aside and vacated, and each party was released from the terms, conditions and obligations thereof; that at said hearing the court awarded the wife lots A-145 and A-146. In the separate maintenance agreement, it was provided that these lots were to become the separate property of the husband, and the wife executed a quitclaim deed accordingly on November 2, 1957. A similar deed was executed by her conveying lots A-147 and A-148 to him. It appears that on November 1, 1961, the wife executed a trust deed to said lots to secure payment to defendant Walter Zumstein of the sum of $4,709 for a loan which is now a lien upon said property. The court found that defendant Lou Ellen Looper is the owner of said property. The court then found that plaintiff and defendant Lou Ellen Looper owned, as community property,

lots A-147 and A-148, each one owning a one-half interest, even though defendant Lou Ellen Looper had previously deeded this property to plaintiff husband under the property settlement agreement. Nothing was found due plaintiff under the accounting.

It is the claim of plaintiff in this appeal that he and his wife did voluntarily enter into this property settlement agreement and that his wife did bring the action for divorce and agreed that the property settlement agreement would settle their community rights in their property and that it should become a part of the interlocutory decree; that since he was served with the complaint and a copy of the agreement attached thereto, he did not answer the complaint but filed only an appearance, stipulating that the action could be heard without further notice to him and there was a waiver of rights under the Soldiers and Sailors Relief Act of 1940. The matter came on for hearing as a default matter. Plaintiff claims that he relied upon the allegations of the complaint and its prayer and that the court had no jurisdiction to distribute the community property otherwise, without amendment of the complaint and service upon him, and accordingly the portion of the decree attempting distribution of it otherwise was beyond that prayed for in the complaint and accordingly was void. (Citing *Parker* v. *Parker*, 203 Cal. 787, 792 [266 P. 283]; *Darsie* v. *Darsie*, 49 Cal.App.2d 491 [122 P.2d 64]; *Horton* v. *Horton*, 18 Cal.2d 579 [116 P.2d 605].)

It should be here noted that the wife's divorce complaint was limited in its terms. It provided generally that the community property of the parties consisted of 10 lots in Imperial Beach and lots A-145 and A-146 in San Ysidro. The prayer was that the property settlement agreement of the parties be approved and made a part of the interlocutory decree of divorce and each party be ordered to perform all conditions and covenants on his or her part agreed to be performed, and for such other relief as to the court might seem just. It should be noted that there is no prayer for a determination or distribution of the community property set forth other than the approval of the property settlement agreement. The interlocutory decree then provides that the property settlement agreement be set aside and vacated and each party relieved from its terms; that the community property of the parties (describing the 10 lots in Imperial Beach and lots A-145 and A-146 in San Ysidro) is awarded to

plaintiff (Lou Ellen Looper) as her sole and separate property. No mention is made of lots A-147 and A-148 in San Ysidro.

It is established law that statutes are very specific in their requirements for a judgment following a default, as held in *Burtnett* v. *King,* 33 Cal.2d 805, 806-809 [205 P.2d 657, 12 A.L.R.2d 333]. This involved a divorce action in which the wife claimed extreme cruelty. It was there said that: ''. . . the only reference to property rights in her complaint was the allegation that 'the community property of plaintiff and defendant consists of the interest of plaintiff and defendant in the real property and dwelling house . . .' in San Mateo County. In the prayer there was no mention of the community property or request that it be awarded to anyone. . . . There was a prayer for general relief.'' The Supreme Court then said: '' 'The relief granted to the plaintiff, if there be no answer, *cannot exceed,* that which he shall have *demanded* in his complaint; but *in any other case,* the court may grant him any relief consistent with the case made by the complaint and embraced within the issue.' [Emphasis added.] (Code Civ. Proc., § 580.) In cases where no answer has been filed and a default has been entered . . . the plaintiff may apply to the court 'for the relief *demanded* in the complaint' and after evidence is heard, the court may render a default judgment 'for such sum (*not exceeding the amount stated in the complaint*), as appears by such evidence to be just.' [Emphasis added.] . . . Manifestly 'demanded' means claimed, asserted a right to or prayed for. That there was no demand for the property in the instant case is plain; that is, not only did the relief accorded *exceed* the demand, it adjudicated property rights when none were ever asserted, claimed or prayed for.

''It is equally clear that by reason of the mandatory language of the statute (the court *cannot* give a default judgment in excess of the demand), the court's jurisdiction to render default judgments can be *exercised only in the way authorized by statute.* It cannot act except in a particular manner, that is, by keeping the judgment within the bounds of the relief demanded. It has been held repeatedly, and recently, that where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. [Citing cases.] Certainly no statutory method of procedure or limitation on power

could be more clearly expressed than that set forth in section 580 of the Code of Civil Procedure, *supra*. Thus the court wholly lacked jurisdiction to render a judgment affecting the community property, for there was no demand for such relief. Having no jurisdiction the judgment was not res judicata on this issue. It was void.

"The essence of the policy underlying section 580 of the Code of Civil Procedure, *supra*, is that in default cases, defendant must be given notice of what judgment may be taken against him—a policy underlying all precepts of jurisprudence and protected by our constitutions. If a judgment other than that which is demanded is taken against him, he has been deprived of his day in court—a right to a hearing on the matter adjudicated. ... He must strictly stay within his statutory authorization and a failure to do so renders the judgment *void*. [Citing cases.] . . . It is a settled rule, and has been clearly stated in many recent authorities, that a default judgment by the court that exceeds the demand or gives relief where no demand is made therefor is void as in excess of the court's jurisdiction and not res judicata. [Citing cases.] It is said in *Lang* v. *Lang, supra,* [182 Cal. 765 (190 P. 181)] at page 768 ... 'The defendant in that action (plaintiff here) had the right to assume that the judgment which would follow a default on her part would embrace only the issues presented by the complaint *and* the relief therein prayed. ... *And where relief is given beyond the scope of that asked for, it is a nullity, and may be attacked collaterally, or its effect avoided* under the doctrine that it is not *res judicata.'* ...

"Some cases have said that the judgment is erroneous. [Citing them.] But none of those cases decided or found it necessary to decide that the judgment was not void." The dissenting opinion therein believed the decree was erroneous but not void. We do not find that the majority opinion has since been changed. See *Emanuel* v. *Superior Court,* 184 Cal. App.2d 844, 849 [8 Cal.Rptr. 81], and *People* v. *Black,* 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915], affirming the rule.

 Viewing the facts of the instant case in the light of this rule, the action for divorce merely states, in respect to the community property, that certain lots in Imperial Beach, as well as lots A-145 and A-146 in San Ysidro, were community property. The agreement also provides and agrees that lots A-145 and A-146 should be awarded to the husband. The

request of plaintiff was that the community property be thus distributed and when defendant defaulted he had the right to so believe and did not answer. There is no prayer for a determination that plaintiff was entitled to it under the agreement or that any other disposition should be made of it since the parties had agreed upon that fact. (See *Darsie* v. *Darsie, supra,* 49 Cal.App.2d 491.) The instant case comes within the holding in *Burtnett* v. *King, supra,* 33 Cal.2d 805, and the attempted award of all of the property described to plaintiff as her sole and separate property was *void.* Without a further amendment of her complaint and service of the same upon her husband, the trial court had no jurisdiction to make the award. (*Craft* v. *Craft,* 49 Cal.2d 189, 193 [316 P.2d 345]; *Eddy* v. *Eddy,* 64 Cal.App.2d 672 [149 P.2d 187]; *Swycaffer* v. *Swycaffer,* 44 Cal.2d 689 [285 P.2d 1].)
■ Said decree cannot be used to establish res judicata in a subsequent action.

■ The limited appearance of defendant in the action is equivalent to a default proceeding and did not constitute an answer within the meaning of Code of Civil Procedure, section 580. (*Craft* v. *Craft, supra,* 49 Cal.2d 189; *Swycaffer* v. *Swycaffer, supra,* 44 Cal.2d 689.) ■ As to the finding and declaration of the trial judge in the divorce action that the property settlement agreement be ''set aside and vacated and each party thereto is hereby released from the terms, conditions, responsibilities and obligations thereof,'' this was beyond the jurisdiction of the trial judge to declare under the pleadings and prayer of the complaint. The complaint prepared by plaintiff and served on defendant merely alleged certain lots to be community property and then prayed that the property settlement agreement attached be approved and be made a part of the interlocutory decree. No mention is made of any fraud or undue influence in its execution and the evidence showed that mutual deeds had been exchanged and recorded prior to this determination. No mention is made of their validity or effect. As between the parties, these deeds and the property settlement agreement are still effective until properly challenged. The court in the divorce action did have jurisdiction to refuse to approve the agreement and refuse to make it a part of the decree, but had no jurisdiction to go further under the pleadings. ■
The cases are uniform that where relief is given beyond the scope asked for, it is a nullity and may be attacked collaterally or its effects avoided under the doctrine that it is not res

judicata. (*Burtnett* v. *King*, *supra*, 33 Cal.2d 805, 808.) The court in that action held that the defendant had the right to assume that the judgment which would follow a default on his part would embrace only the issues presented by the complaint and the relief therein prayed for. (*Burtnett* v. *King*, *supra*, 33 Cal.2d 805, 808.) Accordingly the finding of the trial court in the instant action that the interlocutory decree in the divorce action constituted an adjudication of title to the property and also the finding in the divorce action that the property settlement agreement was not binding on the parties is not res judicata to the issues presented in the instant action. Therefore, their validity, as between the parties, was not determined in the present action, since it was based on a false premise.

The trial court also found that plaintiff had been guilty of laches and unreasonable delay in bringing this action and that he accordingly should be estopped from collaterally attacking that judgment. It found that plaintiff and his attorney knew that defendant Lou Ellen Looper intended to ask the court at the hearing to relieve her from the terms of the property settlement agreement and later learned that the court did set it aside, and that plaintiff knew that his wife remained in open and notorious possession of the property after the divorce and performed certain acts denoting that she held it under a claim of right; and on the day of the hearing of the default matter in the divorce action defendant did not come into court but was seen in the San Diego Hotel building at that time with his attorney and further that defendant husband failed to appeal from the judgment in that action.

Under the signed agreement, the property consisting of lots A-145 and A-146 was to be deeded to the husband, and he was to pay all money due or owing on it, and the wife would occupy it for a period of one year from the date of the agreement without charge. Defendant in the divorce action was in the foreign military service and his wife was receiving an allotment of $176.50 per month. By the agreement, he was to pay her $77.10 per month for the support of the minor child. The trial court in the divorce action awarded the wife $100 per month for 12 months and $76.50 per month for the minor child.

It is an established rule that the bringing of an action to declare a judgment which is void on its face ineffective has no particular limitation of time. In *Craft* v. *Craft*, *supra*, 49

Cal.2d 189, it was held that though error in awarding alimony in an interlocutory decree was not urged by a timely appeal or motion for relief under Code of Civil Procedure, section 473, defendant may nevertheless attack the provisions of such decree at any time if they are void on the face of the record. In *People* v. *Greene*, 74 Cal. 400, 405 [16 P. 197, 5 Am. St.Rep. 448], where one of the questions was whether after a lapse of 12 years from the entry of judgment the court could set aside a void judgment, the Supreme Court said: "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists. It can bear no fruit to the plaintiff, but is a constant menace to the defendant."

It is therefore ordered that the judgment denying plaintiff any relief, awarding defendant Lou Ellen Looper lots A-145 and A-146 in San Ysidro, and declaring that plaintiff and defendant Lou Ellen Looper own lots A-147 and A-148 in San Ysidro as community property, be set aside under the evidence. It is further ordered that the parties be allowed to amend their pleadings to dispose of all the issues which they may care to dispose of in conformity with this opinion, if they be so advised.

Judgment reversed, with such directions.

Coughlin, J., and Brown (Gerald), J., concurred.