[CERTIFIED FOR PARTIAL PUBLICATION]*
* Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part B of the Discussion.
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1023 
OPINION
Following the trial court's failure to rule on his request for accommodation of his disabilities, Marc Gregory Stern appeals from issuance of a restraining order against him and from a default judgment awarding a condominium to his former wife as her separate property. We reverse and remand for further proceedings.
 PROCEEDINGS
Marc Stern and respondent Daniela Biscaro married in 1998. Their marriage produced no children. In June 2005, respondent filed a petition for dissolution. Appellant did not file a response. In May 2006, the court entered appellant's default.
On September 14, 2007, respondent filed an ex parte application for a temporary restraining order against appellant arising from a fight a month earlier between appellant and respondent's adult son. Appearing at the hearing in order to oppose a restraining order, appellant requested courtroom accommodation of his neuropsychiatric disabilities that interfered with his ability to communicate and remember. He gave the court a copy of a written request for accommodation that he had filed with court administrators in another proceeding. The court incorporated appellant's written request into the court's files. The court denied respondent's ex parte application, apparently because of the length of time respondent had waited to seek a restraining order after the fight between appellant and respondent's son. The *Page 1024 
court instead set a regularly noticed hearing for October 5 on respondent's motion. The court promised appellant it would rule on his request for accommodation of his disabilities before the next hearing and that he would receive the ruling in the mail. The record on appeal does not show any such ruling issued.
Appellant did not appear three weeks later at the October 5 hearing on the restraining order, which was before a judge different from the bench officer who had promised to rule on appellant's request for accommodation. Noting appellant's request, the judge presiding at the October 5 hearing stated: "The file indicates a request for accommodation by [appellant] under the Americans with Disability Act. Therefore, I've waited until 10:05 for a matter noticed at 8:30. [Appellant] has not appeared. I will proceed based on [respondent's] declaration." The court granted respondent's motion for a restraining order. It directed appellant to stay at least 100 yards from respondent, her home and work, and her adult son.
On December 10, 2007, appellant filed a motion for reconsideration and modification of the restraining order. In support of his motion, appellant noted he had requested at the September 14 hearing accommodation of his neurological disabilities caused by multiple traumatic injuries to his brain's frontal lobes that hindered his ability to remember, reason, and communicate. He had asked for a neuropsychologist's assistance in the courtroom, but the court did not rule on his request. He argued the lack of assistance meant he could not meaningfully participate in the proceedings to protect his interests. Respondent opposed the motion for reconsideration, arguing it was untimely.
The court denied appellant's motion for reconsideration in a hearing lasting one-half of one page of the reporter's transcript. After respondent's counsel introduced herself, the following was the hearing's entirety: "[Respondent's Counsel]: I received a voice mail from my client approximately 9:20 that her tires have been slashed. She was unable to make it. [Court]: Okay. The motion goes off — motion for reconsideration goes off calendar. [Counsel]: Well, your Honor — [Court]: Well, wait. The motion for reconsideration is denied. [Counsel]: Thank you, your Honor."
That same month, respondent submitted a proposed judgment in the marital dissolution action. The clerk of the court rejected the judgment because it confirmed as respondent's separate property a condominium that her petition for dissolution had not identified as her separate property. Respondent thereafter applied ex parte for expedited entry of the judgment because she was soon moving out of state and wanted to sell the condominium before departing. At the hearing in May 2008 on her application, she asserted the condominium was her separate property because appellant had given her his *Page 1025 
quitclaim deed to it; the purported quitclaim deed in the record, however, is an unintelligible copy of a recorded deed of some sort, the particulars of which cannot be made out. The court thereafter entered a default judgment against appellant which confirmed the condominium as respondent's separate property. This appeal followed.
 DISCUSSION
A. Reversible Error Not to Rule on Request for Accommodation
According to material in the record, appellant suffers from permanent cognitive disabilities arising from multiple traumatic injuries to his brain's frontal lobes. A letter from his physician states appellant "has had permanent disability since [his injuries in 1985]. These injuries have resulted in neuropsychiatric impairment including short term memory, organization, executive functioning, and concentration." Requesting accommodation of his disability, appellant asked the court for a "facilitator" who understands "traumatic brain [injuries] — a neuropsychologist." California Rules of Court, rule 1.100, subdivision (a)(3) defines an "accommodation" as "actions that result in court services . . . or activities being readily accessible to and usable by persons with disabilities. Accommodations may include . . . furnishing, at no charge, . . . auxiliary aids and services, equipment, devices, . . . readers, or certified interpreters for persons with hearing impairments. . . ." (Cal. Rules of Court, rule 1.100, subd. (a)(3).)[1]
The purpose of rule 1.100 is to allow meaningful involvement by all participants in a legal proceeding to the fullest extent practicable. Subdivision (b) declares: "It is the policy of the courts of this state to ensure that persons with disabilities have equal and full access to the judicial system." (Subd. (b).) Rule 1.100 obligates a court to rule on every properly presented request for accommodation that the court receives, and ordinarily the ruling must be in writing. Subdivision (e)(2) states: "The court must inform the applicant in writing, as may be appropriate, and if applicable, in an alternative format, of the following: [¶] (A) That the request for accommodation is granted or denied, in whole or in part, and if the request for accommodation is denied, the reason therefor; or that an alternative accommodation is granted; [¶] (B) The nature of the accommodation to be provided, if any; and [¶] (C) The duration of the accommodation to be provided." (Subd. (e)(2).) Presumably mindful of the obligations rule 1.100 imposed on her, the bench officer from whom appellant requested accommodation on September 14 promised to rule on his request before the next hearing on respondent's *Page 1026 
request for a restraining order. The officer stated: "I certainly will rule on the request for accommodation. I need to have a clear understanding of — . . . let me see what you have there. [¶] . . . [¶] [Appellant] has filed a request for accommodation by persons with disabilities in another matter. [¶] Do you wish me to accommodate — incorporate that by reference into this case. [¶] [Appellant]: Yes. [¶] [Court]: All right. Then I'll do that. And there will be a ruling on that before you appear in Department 2, and you'll get that in the mail." Nothing in the record suggests the court ruled as promised.
A court may deny a properly stated request for accommodation for only one of three reasons, which we discuss below. (In re Marriage of James Christine C. (2008) 158 Cal.App.4th 1261, 1265, 1273 [70 Cal.Rptr.3d 715]; subd. (f).) The record before us does not permit us to find any of those reasons existed. Consequently, the "court had nochoice but to grant [appellant's] request for an accommodation." (In reMarriage of James, at p. 1274, original italics.)
First, a court may deny a request if "[t]he applicant has failed to satisfy the requirements of this rule."[2] (Subd. (f)(1)) Those requirements are: (1) A written or oral request for accommodation, which appellant satisfied here. (Subd. (c)(1).) (2) The request must include a description of the accommodation and the impairment requiring accommodation; if the court finds the description inadequate, it may request additional information from the applicant. (Subd. (c)(2).) Here, appellant asked for a neuropsychologist to help with his memory and communication disabilities. The court did not indicate it needed more information to rule on appellant's request. (3) The request must be timely, ordinarily at least 5 days in advance of the need for the accommodation. (Subd. (c)(3).) Here, appellant orally requested on September 14 — and in writing before then — accommodation for a hearing three weeks later on October 5. In short, the court could not have properly denied the request as not complying with the requirements of rule 1.100.
The second reason a court may deny a request is the accommodation "would create an undue financial or administrative burden on the court." (Subd. (f)(2).) The record contains no evidence suggesting that providing a *Page 1027 
neuropsychologist would burden the court any differently from the appointment of other facilitators, such as readers and certified interpreters for the deaf, which rule 1.100 explicitly contemplates as the type of accommodations courts ought to provide. The third, and final, reason a court may deny a request is the "accommodation would fundamentally alter the nature of the service, program, or activity." (Subd. (f)(3).) Nothing in the record suggests a neuropsychologist assisting appellant would have altered the judicial services the court provides to the public.
The sole published decision to interpret rule 1.100 suggests that wrongful denial of an accommodation — or, what amounts to the same thing, failing to rule on a properly stated request — is structural error that does not require prejudice for a reversal to follow. In re Marriageof James Christine C., supra, 158 Cal.App.4th 1261 was a marital dissolution. The wife was in propria persona during trial of custody, support, and property issues when she admitted herself at her psychiatrist's recommendation into a hospital for treatment of bipolar disorder. (Id. at pp. 1264-1265, 1269.) For accommodation of her psychiatric disability, she requested a continuance of the trial, which the court denied out of frustration at the number of continuances already granted in the case. The trial continued in her absence, ending in the court's entry of judgment on the contested issues. (Id. at pp. 1270-1271.)
On review, the appellate court held the trial court erred in denying a continuance as an accommodation, even though the appellate court sympathized with the trial court's frustration at the multiple continuances. (In re Marriage of James Christine C., supra,158 Cal.App.4th at pp. 1264-1265.) The appellate court noted a court may deny an accommodation for only one of three reasons, none of which applied. (Id. at pp. 1265, 1274.) The appellate court therefore reversed and remanded the matter to the trial court without requiring the wife to show prejudice and without addressing the merits of her substantive challenge to the trial court's judgment. (Id. at pp. 1265, 1277.) The appellate court's dispensing with analysis of prejudice indicates wrongful denial of an accommodation is structural error infecting a legal proceeding's reliability, which stands to reason because an accommodation's purpose is to help a party meaningfully participate in a way that enhances our confidence in a proceeding's outcome. Unlike most legal error, structural error calls for reversal per se because the error prevents a reviewing court from ascertaining what might have happened absent the error. (See People v. Kobrin (1995) 11 Cal.4th 416, 428-429 [45 Cal.Rptr.2d 895, 903 P.2d 1027].) Because the trial court did not rule on appellant's request for an accommodation even though everything in the record points to his request being one the court had no grounds to deny, we reverse and remand for further proceedings. *Page 1028 
B. Error to Award Condominium as Respondent's Separate Property*
 The court's default judgment for respondent awarded as her separate property a condominium on Redwood Avenue. Respondent's original and amended petitions for dissolution did not identify the condominium as her separate property. Her original petition identified as her separate property "All Household Goods and Furnishings located at 4346 Redwood Avenue, #A304 Marina del Rey, CA 90292" except for about two dozen specific items such as certain paintings, sculptures, and kitchen appliances; the petition did not describe the condominium itself as separate property. Respondent's amended petition was even less specific, failing to identify any marital property as separate or community property. Instead, the amended petition declared "The full nature, extent and value of separate property assets . . . is unknown at this time. [Wife] will seek leave to amend this petition upon ascertaining same."
The judgment of dissolution against appellant was by default. Appellant contends the court erred in awarding the condominium as respondent's separate property because the court granted respondent greater relief than she had requested in her petitions for dissolution. Appellant is correct. A default judgment may not award more relief than a complaint requests without violating due process. That principle applies to marital dissolutions. (In re Marriage of Lippel (1990) 51 Cal.3d 1160, 1167
[court may not order defaulting parent to pay child support if petitioning parent did not request child support]; Burtnett v. King (1949)33 Cal.2d 805, 811 [error to confirm as wife's separate property marital home when her petition for dissolution did not seek adjudication of the home's ownership]; see also Code Civ. Proc., § 580, subd. (a) ["relief granted . . . if there is no answer cannot exceed that demanded in the complaint".] The court therefore erred in confirming the Redwood Avenue condominium as respondent's separate property.[3]
 DISPOSITION
The judgment is reversed. The matter is remanded for further proceedings on appellant's request for accommodation of his disabilities.
Flier, J., and Mohr, J.,‡ concurred.
[1] All further rule references are to the California Rules of Court, and all subdivision references are to rule 1.100.
[2] Subdivision (c) states: "The process for requesting accommodations is as follows: [¶] (1) Requests for accommodations under this rule may be presented ex parte on a form approved by the Judicial Council, in another written format, or orally. Requests must be forwarded to the ADA coordinator, also known as the access coordinator, or designee, within the time frame provided in (c)(3). [¶] (2) Requests for accommodations must include a description of the accommodation sought, along with a statement of the impairment that necessitates the accommodation. The court, in its discretion, may require the applicant to provide additional information about the impairment. [¶] (3) Requests for accommodations must be made as far in advance as possible, and in any event must be made no fewer than 5 court days before the requested implementation date. The court may, in its discretion, waive this requirement."
[3]We do not address whether respondent should be allowed to amend her petition to add her claimed separate interest in the condominium. If an amended petition is allowed, the court would be required to vacate the default and appellant would be entitled to file a timely response. (Greenup v. Rodman (1986) 42 Cal.3d 822, 830; Craft v. Craft (1957)49 Cal.2d 189, 193 [approving of such a procedure in marital dissolution].)
* See footnote, ante, page 1021.
‡ Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of die California Constitution. *Page 1029