[No. D048239. Fourth Dist., Div. One. Feb. 8, 2010.]

HECTOR BARDALES, Respondent, v.
EMILIA DUARTE, Appellant.

**COUNSEL**

Beverly Baker-Kelly for Appellant.

Victor Mordey for Respondent.

**OPINION**

**McCONNELL, P. J.—**

### INTRODUCTION

In this case we must decide whether a trial court had the power to dismiss a petition seeking return of children under the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, T.I.A.S. No. 11670 (Convention) because of the petitioner's delay in prosecuting it and then proceed to decide child custody and related matters under state law.

We conclude the trial court had such power. We affirm the trial court's order and remand the matter for the trial court's determination of attorney fees on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Hector Bardales and Emilia Duarte are the parents of four children born in San Diego: three daughters born in 1990, 1991 and 1998, and a son born in 1996. In 2000, Duarte took the children to live in Mexico. In 2002, the two older children visited Bardales in California and never returned to Mexico.

In 2003, Bardales met Duarte and the two younger children in Tijuana. Bardales returned to California with the children and immediately initiated state court proceedings to prevent Duarte from taking the children back to Mexico.

As part of the state court proceedings, in April 2005, Bardales filed a petition to establish a parental relationship with the children and for sole physical and legal custody of the children. In his petition, Bardales alleged Duarte's boyfriend had sexually abused the two older children. In addition, he alleged Duarte knew of the abuse yet continued to have a relationship with him. Bardales further alleged he brought the two younger children to California because he feared for their safety.

In June 2005, Duarte filed a petition for return of the children under the Convention. Duarte alleged Bardales wrongfully retained the two older children and wrongfully removed the two younger children to the United States in violation of the Convention. She denied the children were abused or mistreated in her care and requested the court order them "returned to Mexico forthwith." She also requested the court not make any custody or visitation orders pending the outcome of her Convention petition.[1]

The court scheduled a hearing on both parties' petitions and, in the interim, ordered Bardales not to remove the children from San Diego without prior court approval and to keep the court informed of the children's current address and telephone number. In addition, the court appointed counsel for the children and requested counsel investigate facts related to three key Convention issues: (1) the location of the children's habitual residence in Mexico if Mexico is their habitual residence; (2) the existence of exceptions to requiring return of the children; and (3) the children's preferences regarding where and with whom they reside.

---

[1] Duarte initially petitioned for the return of all four children. She later withdrew the petition as to the two older children.

The children's counsel submitted a report recommending the court find the United States is the children's habitual residence because Duarte initially consented to the children's living with Bardales and then changed her mind. Alternatively, counsel recommended the court find by clear and convincing evidence that returning the children to their mother in Mexico would subject them to a grave risk of physical and emotional abuse because the children reported that Duarte, her boyfriend, and Duarte's mother regularly beat them. They also reported that while in Mexico, they did not eat regularly, they were always hungry, and they had to fend for themselves by trying to get food from the adults and children in their neighborhood. Counsel further informed the court that none of the children wanted to return with Duarte to Mexico; however, the two older children, who suffered the most abuse and whose return Duarte no longer sought, would voluntarily return to protect the younger children if the court ordered the younger children returned.

The court continued the hearing on the petitions several times due to Duarte's and her counsel's inability to appear. However, when Duarte and her counsel were unable to appear for a hearing on December 2, 2005, the court declined to continue the matter again.[2] Instead, the court took Duarte's petition off calendar for lack of prosecution and indicated she would need to refile it for it to be heard again.[3] The court also took Duarte's companion matters off calendar, including her request to partition real property she and Bardales owned in joint tenancy. In addition, the court expunged a lis pendens Duarte filed against the property as she no longer had a pending matter to which the lis pendens related.

With no Convention matter pending, the court proceeded to address Bardales's petition and found he was the children's legal father, a fact which the parties do not dispute. The court then awarded him joint legal and sole physical custody of the children, with Duarte being permitted reasonable

---

[2] Approximately half of the appellate record consists of documents Duarte submitted to the superior court as part of a postappeal motion to set aside and vacate the court's rulings on Bardales's petition (see fn. 5, *post*). It appears from these documents the court granted at least three continuances, including one because Duarte could not travel from Oakland due to pregnancy complications and one because Duarte's counsel's mother had been in a car accident. It further appears from these documents that five days before the December 2 hearing, Duarte's counsel left the country for a four-day trip to Nigeria, but was unable to return as scheduled because Nigerian officials closed the airport. We do not consider these documents in deciding this appeal as they were not before the trial court and some did not even exist when the trial court made the order being appealed. (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1239 [72 Cal.Rptr.3d 153] [an appeal reviews the correctness of a judgment at the time of its rendition based on a record of the matters considered by the trial court].)

[3] At various points during the hearing the court used the terms "off calendar" and "dismiss" interchangeably to describe its actions with respect to Duarte's matters. By specifically requiring Duarte to refile her Convention petition, the court effectively dismissed it, albeit without prejudice.

visitation. After imputing to Duarte a minimum wage income, the court ordered her to pay Bardales monthly child support of $586 and, after finding she had $52,000 equity in the real property she owned with Bardales, the court ordered her to pay sanctions of $17,500.

In January 2006, Duarte filed a complaint in federal district court for the return of her children under the Convention (federal Convention petition).[4] In March 2006, she filed this appeal.[5] One day after receiving the notice of appeal, we expedited the appeal on our own motion. We then learned of the federal Convention petition and requested the parties to submit briefing on the issue of whether we should stay the appeal pending the resolution of the federal Convention petition. Bardales opposed a stay; however, at Duarte's request, we issued one.

In November 2006 the federal district court entered a judgment denying the federal Convention petition after Duarte failed to appear at a scheduled hearing. After unsuccessfully moving for reconsideration, Duarte appealed the district court's judgment. In May 2008 the Ninth Circuit Court of Appeals reversed, concluding the district court erred in denying reconsideration. (*Duarte v. Bardales* (9th Cir. 2008) 526 F.3d 563, 566–568.)

In August 2008, after the Ninth Circuit remanded the matter back to the district court and the district court issued an order to show cause why the matter should not proceed on an expedited basis, Duarte moved to voluntarily dismiss the matter. She sought the dismissal because her counsel was taking a medical leave of absence and could no longer represent her, her counsel could not find anyone else to handle the case on a pro bono basis, and "it would be unfair to both parties and to the children to prolong this case." (*Duarte v. Bardales* (S.D.Cal., Sept. 5, 2008, No. 06-CV-0158 W (NLS)) 2008 U.S.Dist. Lexis 88789, p. *2.) The district court granted the motion and dismissed Duarte's petition. (*Id.* at p. *4.)

Approximately three weeks later, Duarte's counsel filed a status report with this court stating she had been released by her physicians to return to work

---

[4] State courts and federal district courts "have concurrent original jurisdiction of actions arising under the Convention." (42 U.S.C. § 11603(a).) Like her state Convention petition, her federal Convention petition sought return of all four children. As she did with her state Convention petition, she dismissed her federal Convention petition as to the two older children, presumably because they were then over 16 years old and no longer covered by the Convention. (Convention, art. 4; Convention, text and legal analysis, 51 Fed.Reg. 10504 (Mar. 26, 1986) (Convention Legal Analysis).)

[5] On the same day she filed her notice of appeal in superior court, she also filed a motion requesting the superior court set aside or void its orders on Bardales's petition. The superior court heard the motion in June 2006 and denied it because of the pending appeal.

and was ready to proceed with this appeal.[6] After considering the parties' briefing and arguments, we affirm the trial court's order.

## DISCUSSION

### I

### *Appeal Not Moot*

■ Bardales contends that Duarte's voluntary dismissal of her federal Convention petition renders this appeal moot. Although Duarte has not opposed this contention, we conclude it has no merit. "An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief." (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054 [81 Cal.Rptr.3d 556].) Because the federal district court's order did not specify otherwise, its dismissal of Duarte's federal Convention petition was without prejudice. (Fed. Rules Civ. Proc., rule 41(a)(1)(B), ■ 28 U.S.C.) **(2)** "By definition, a voluntary dismissal without prejudice is not a final judgment on the merits." (*Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 879 [128 Cal.Rptr.2d 808].) Consequently, Duarte's voluntary dismissal of her federal Convention petition has no preclusive effect in this matter and does not prevent us from granting her effective relief if she were entitled to it.

### II

### *Trial Court Had the Power to Dismiss Convention Petition for Delayed Prosecution and Proceed on Child Custody Matters*

Duarte contends that the trial court's order is void and should be set aside because the trial court lacked subject matter jurisdiction to rule on child custody and related issues. More particularly, Duarte contends that under the Convention and federal law, including the supremacy clause of the federal Constitution, the trial court could not decide these issues until it adjudicated the merits of her Convention petition. Essentially, she contends the trial court had no power to dismiss her Convention petition for delayed prosecution. As this contention presents a question of law, we review the matter de novo. (*In re Marriage of Witherspoon* (2007) 155 Cal.App.4th 963, 971 [66 Cal.Rptr.3d

---

[6] Nonetheless, we continued the stay until July 2009 pending completion of Bardales's appeal of an ancillary attorney fees matter. (*Duarte v. Bardales* (9th Cir. 2009) 325 Fed.Appx. 635.)

586] [in Convention matters, we review factual findings for clear error and legal conclusions de novo].)

A. *Convention and Implementing Act*

 The Convention provides for the prompt return of children wrongfully removed to or retained in contracting states. (Convention, art. 1(a).)[7] In the United States, the Convention is implemented by the International Child Abduction Remedies Act (Act) (42 U.S.C. § 11601 et seq.).

 Under the Convention, a person claiming a child has been wrongfully removed or retained may file a petition in an appropriate court where the child is located requesting the child's return. (42 U.S.C. § 11603(b); Convention Legal Analysis, *supra*, 51 Fed.Reg. 10507 (Mar. 26, 1986).) If the court determines the child has been wrongfully removed or retained, the court must order the child's return subject to some narrowly construed exceptions, including when the return of the child would expose the child to a grave risk of physical or emotional harm, or otherwise place the child in an intolerable situation. (Convention, arts. 12 & 13; 42 U.S.C. § 11603(e)(2).) The court may also decline to order the child's return if the child objects to being returned and the child's age and maturity make it appropriate for a court to consider the child's views. (Convention, art. 13.) Similarly, if a petition is filed more than a year after the child's wrongful removal or retention, the court may decline to order the child's return if the child is now settled in the child's new environment. (Convention, art. 12.)

 A court deciding a Convention petition may only determine "rights under the Convention and not the merits of any underlying child custody claims." (42 U.S.C. § 11601(b)(4).) Accordingly, "[a]fter receiving notice of a wrongful removal or retention of a child . . . , the judicial or administrative authorities of the Contracting State to which the child has been removed or in which [the child] has been retained shall not decide on the merits of [the] rights of custody until it has been determined that the child is not to be returned under [the] Convention or unless an application under [the] Convention is not lodged within a reasonable time following receipt of notice." (Convention, art. 16.)

B. *Convention and Act Do Not Preclude Dismissal of a Petition for Delayed Prosecution*

 Although the Convention and the Act do not explicitly address whether a court may dismiss a Convention petition for delayed prosecution,

---

[7] Both the United States and Mexico are contracting states. (Convention status table, at <http://www.hcch.net/index_en.php?act=conventions.status&cid=24> [as of Feb. 8, 2010].)

they do not strip a court of its inherent powers to manage its affairs. (*Prevot v. Prevot* (6th Cir. 1995) 59 F.3d 556, 565–566.) These inherent powers include the power to dismiss for delayed prosecution. (*Ibid.*)

In addition, the Convention requires the judicial and administrative authorities of contracting states to "act expeditiously in proceedings for the return of children." (Convention, art. 11.) If a judicial or administrative authority has not reached a decision within six weeks after Convention proceedings commence, the applicant or the affected contracting state may "request a statement of the reasons for the delay." (Convention, art. 11; Convention Legal Analysis, *supra*, 51 Fed.Reg. 10508.) Although the six-week time limit is nonobligatory, it "draws the attention of the competent authorities to the decisive nature of the time factor in such situations" and "determines the maximum period of time within which a decision on this matter should be taken." (Pérez-Vera, Explanatory Report on Convention (1982) ¶ 105, p. 458 (Convention Explanatory Report).)[8] "[W]here the removal of a child is concerned, the time factor is of decisive importance. In fact, the psychological problems which a child may suffer as a result of [the child's] removal could reappear if a decision on [the child's] return were to be taken only after some delay." (Convention Explanatory Report, ¶ 36, p. 435.) Without the power to dismiss for delayed prosecution, a Convention petition could languish, as this one unfortunately has, undermining the Convention's objective of obtaining a prompt decision on the child's return for the child's benefit.

(7) Moreover, the Convention's requirement that Convention matters be decided before custody matters is not absolute. The constraint no longer applies when the party desiring a return of a child fails to proceed under the Convention by filing a Convention petition within a reasonable time after the court receives notice of the party's wrongful removal or wrongful retention claim. (Convention, art. 16; Convention Legal Analysis, *supra*, 51 Fed.Reg. 10509.) Failure to proceed and failure to prosecute reflect the same dilatory behavior. The Convention's distaste for one implies its distaste for the other. Accordingly, allowing a trial court to dismiss a petition for delayed prosecution and proceed to decide custody matters does not contravene the Convention's provisions.

■ Dismissal of a Convention petition for delayed prosecution also does not prevent a court from later ordering the return of a wrongfully removed or

---

[8] Elisa Pérez-Vera was the official Hague Conference reporter for the Convention. "Her explanatory report is recognized by the Conference as the official history and commentary on the Convention and is a source of background on the meaning of the provisions of the Convention available to all States becoming parties to it." (Convention Legal Analysis, *supra*, 15 Fed.Reg. 10503.)

retained child if a subsequently filed Convention petition proves meritorious. "The sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be a ground for refusing to return a child under this Convention . . . ." (Convention, art. 17; see also Convention Legal Analysis, *supra*, 51 Fed.Reg. 10504 ["[A] person who wrongfully removes or retains the child . . . cannot insulate the child from the Convention's return provisions merely by obtaining a custody order in the country of new residence . . . ."].) Similarly, because the Convention's return remedy is nonexclusive, the dismissal of a Convention petition for delayed prosecution does not prevent a court from ordering the return of a wrongfully removed or retained child under any other applicable law. (Convention, arts. 18, 29, 34; 42 U.S.C. § 11603(h); see also Convention Legal Analysis, 51 Fed.Reg. 10504, 10507–10508 ["[N]othing in the Convention limits the power of a court to return a child at any time by applying other laws and procedures conducive to that end."].)

We recognize dismissal of a Convention petition for delayed prosecution might allow a defense to a subsequent Convention petition on the ground the child is settled in a new environment. (Convention, art. 12; Convention Legal Analysis, *supra*, 51 Fed.Reg. 10509.) ["[T]he court is not obligated to return a child when return proceedings pursuant to the Convention are commenced a year or more after the alleged removal or retention and it is demonstrated the child is settled in [the child's] new environment."].)[9] However, the existence of Convention defenses that arise or are bolstered solely by the passage of time supports the need for the trial court to have case management tools, such as the power to dismiss for delayed prosecution, to ensure Convention matters are resolved expeditiously. Additionally, we anticipate a trial court will use its inherent dismissal power sparingly and with a view toward accomplishing the Convention's objectives. We also anticipate a trial court will rarely need to dismiss a Convention petition for delayed prosecution as our review of the available authorities suggests dilatory conduct by the party seeking return of a child under the Convention is aberrational.

■ Further, while we conclude the trial court had the power to dismiss Duarte's Convention petition for delayed prosecution and proceed to decide custody matters, we do not address whether the trial court properly exercised its power in this case. Duarte did not specifically raise this issue on appeal nor did she provide us with an adequate record to review this issue.

---

[9] We express no view as to the availability of this defense in this case. Nonetheless, we note the two younger children, who have been in the United States since 2003 and are now young adolescents, may be of sufficient age and maturity that a court deciding a Convention petition concerning them will consider their views. (Convention, art. 13.) Documents in the record suggest they object to returning to Mexico, in part because they are now settled here.

### III

*Request for Attorney Fees Should Be Addressed by Trial*
*Court*

■ Bardales requests attorney fees on appeal under Family Code section 271. Generally, such a request should be addressed to the trial court. (*Craft v. Craft* (1957) 49 Cal.2d 189, 194 [316 P.2d 345]; *In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 6 [33 Cal.Rptr.3d 237].) As we discern no compelling reason to deviate from the general rule, we remand the matter for the trial court's consideration subject to Bardales's compliance with the California Rules of Court, rules 3.1702(c) and 8.278(c)(1). (*In re Marriage of Freeman, supra*, at p. 9.)

### DISPOSITION

The order is affirmed. The matter is remanded to the trial court for its determination of an award to respondent of attorney fees on appeal. Respondent is awarded costs on appeal.

Haller, J., and McIntyre, J., concurred.

A petition for a rehearing was denied February 25, 2010.